# Perryman & Co. *v.* McCall.

### *Action on Written Guaranty, for Price of Goods Sold.*

1. *Guaranty construed as not continuing.*—A person, about to commence business as a retail dealer, wrote to plaintiffs, who were wholesale merchants, forwarding an order for goods, and asking credit; to which plaintiffs replied : "As we have no personal knowledge of you, we, as prudent business men, would in the outset be compelled to require of you security of some kind, by personal indorsement, or otherwise. Time is no object with us –all we desire is to have matters properly secured ; and if you can do so by *giving such men as Mr. M.*, who H. says indorses for you, we are perfectly willing to fill your order, not confining you to thirty or sixty days, but letting it stand over until fall, if your needs require it ; and we feel assured that, under such an arrangement, we can make it to your interest, and can give you full satisfaction in goods and prices." Thereupon, said M. wrote to them, using these words : "I read the letter you wrote to Mr. B.. in regard to furnishing him groceries, and noticed that my name would enable him to procure a stock and resume business. Mr. B., I understand. requested you to send him a bill of goods, which you have. *You will now fill said bill*, less one barrel of whiskey, and ship by first boat to Tuskaloosa. Let me say to you, *I indorse Mr. B., and hope that he may become one of your best customers.* He will send you about $50 by boat, and as times are dull, it may be fall—say, first day of November—before he can send you much money ; but he will send what he can during the summer." *Held*, not a continuing guaranty, but extending only to the first bill ordered.

APPEAL from the Circuit Court of Choctaw.

Tried before the Hon. H. T. TOULMIN.

This action was brought by E. S. Perryman & Co., wholesale merchants in the city of Mobile, suing as partners, against Charles C. McCall, as guarantor for one J. R. Burns, to recover a balance of $565.95 due from said Burns for goods sold and delivered to him by plaintiffs, at different times, during the year 1880, on the faith, as they alleged, of defendant's written guaranty. The letter relied on as a guaranty, and also the letter in reply to which it was written, are set out in the opinion of the court, where the other material facts are also stated. The court construed the letter as not creating a continuing guaranty, and instructed the jury to find for the defendant, if they believed the evidence. The plaintiffs excepted to this charge, and they now assign it as error.

[Perryman & Co. v. McCall.]

W. F. GLOVER, and THOS. B. WETMORE, for appellants.—In the construction of defendant's letter in this case, as in the construction of all written instruments, "regard must be had, not only to the nature of the instrument, but also to the condition of the parties, and the objects they had in view." *Evington v. Smith Brothers*, at the present term. Here, it is shown that credit was refused, unless surety was given; and the defendant's name was suggested, as sufficient security. In reply to this demand, the letter relied on as a guaranty was written; and if its language is uncertain or ambiguous, it must be construed most strongly against the writer. If the guarantor intended to limit his liability to a single transaction, he should have expressed that intention clearly and unequivocally.—2 Parsons on Contracts, 21, note, 6th ed.; *Ib.* 500–01, and notes. The principal debtor being insolvent, there was no necessity for notice to the defendant.—25 Ala. 139; 31 Ala. 9.

GEO. W. TAYLOR, and BOYLES, FAITH & CLOUD, *contra*, cited *Walker v. Forbes*, 25 Ala. 139; *Cahuzac v. Samini*, 29 Ala. 288; *Kay v. Groves*, 6 Bing. 276; *Glass Co. v. Moore*, 119 Mass. 435; 3 Moore & P. 634; *Cremer v. Higginson*, 1 Mason, 323; *Aldricks v. Higgins*, 16 Serg. & R. 212; *Hayden v. Crane*, 1 Lansing, N. Y. 181; *Gard v. Stevens*, 12 Mich. 292; *Anderson v. Blakely*, 2 Watts & S. 237; *Baker v. Rand*, 13 Barb. 152; 28 Iowa, 527; 9 Rich. So. Co. 295; 118 Mass. 141; *Einstein v. Marshall*, 58 Ala. 153.

STONE, J.—The question in this case is, whether there was a continuing guaranty, or whether it extended to only one, and the first purchase. A brief history of the transacaction is necessary to a proper solution of this question. Perryman & Co. were wholesale dealers in the city of Mobile. Burns, proposing to go into a retail business in the country, had a letter written to them, asking credit, and asking them to fill a bill he forwarded, amounting to some two hundred or more dollars. \ To this they replied, April 28th, 1880, in which they used the following language: "As we have no personal knowledge of you, we, as prudent business men, would, in the outset, be compelled to require of [you] security of some kind, by personal indorsement, or otherwise. Time is no object with us—all we desire is to have matters properly secured; and if you can do so by giving such men as Mr. C. C. McCall, who, Mr. Henson says indorses for you, we are perfectly willing to fill your order, not confining you to 30 or 60 days, but letting it stand over until fall, if your needs require it; and we feel assured that, under such an arrangement, we can make

[Perryman & Co. v. McCall.]

it to your interest, and that we can give you full satisfaction
in goods and prices." To this, C. C. McCall replied, of date
May 6th, 1880, in which he said : "I read the letter you wrote
to Mr. J. R. Burns, in regard to furnishing him groceries, and
noticed that my name would enable him to procure a stock,
and resume business. Mr. Burns, I understand, requested
you to send him a bill of goods, which you have. You will,
now, please fill the said bill, less one barrel of South-Side
whiskey, and ship by first boat to Tuskaloosa. Let me say
to you, I indorse Mr. J. R. Burns, and hope that he may be-
come one of your best customers. Mr. Burns will send you
about fifty dollars by boat; and as times are dull, and our
Circuit Court is over, it may be fall—say, first day of Novem-
ber—before he can send you much money; but he will send
what he can during the summer." On the receipt of this
letter, Perryman & Co. shipped the bill of goods previously
ordered, amounting to about $166. They subsequently made
shipments to him, from time to time, and received remittances
from him. The last order filled was December 2d, 1880, and
the remittances made by Burns overpaid the first bill pur-
chased. Demand of payment was made of Burns, and he
failed to pay. He was then insolvent. This suit was then
brought against McCall, on the alleged guaranty contained
in his letter.

There is one remark in McCall's letter, which, unexplained,
indicates that Burns was expected to give further orders. "I
indorse Mr. J. R. Burns, and hope that he may become one
of your best customers." But, in construing this letter, we
must not only examine it in all its parts, but we must con-
sider the letter of Perryman & Co. to which it is a reply.
Burns had then forwarded but one order for goods, and we are
not informed that he contemplated forwarding others ; or, if
he did, that either Perryman & Co. or McCall knew he so
intended. They propose, if the security they require can be
furnished, "to fill your order," in the singular number. This,
of course, referred to the order they then held, for there was
then no other order. In reply to this, McCall writes, after
referring to the Perryman letter, "you will, now, please fill the
said bill, less one barrel of South-Side whiskey," &c. "Let
me say to you, I indorse Mr. J. R. Burns," &c. We think
this a clear indorsement, or guaranty, of the one purchase
then made. The superadded hope, that Burns would become
one of their best customers, is too indefinite in terms to con-
stitute the letter a continuing guaranty.

Speaking of a guaranty, in *Douglass v. Reynolds*, 7 Pet. 113,
Justice STORY, of the United States Supreme Court, said :
"It being an engagement for the debt of another, there is

certainly no reason for giving it an expanded signification, or liberal construction beyond the fair import of the terms. * * The law will subject a man, having no interest in the transaction, to pay the debt of another, only when his undertaking manifests a clear intention to bind himself for that debt." Many rulings have been made bearing on this question. We subjoin the pivotal words copied from several guaranties, which, it was declared, bound the guarantors only for a single, first purchase or transaction, and did not amount to a continuing guaranty.

"To any gentleman in the city of New York: Lewis C. Aldricks, a young man living in this place [Hartford], having a desire to enter into trade in a small way, and feeling ourselves confident of his well managing the business, we here offer ourselves in security to any gentleman who may feel disposed to give him credit, not exceeding seven hundred dollars; to be bound and held firmly by this writing, to pay the said sum of seven hundred dollars, or any sum less, as the said Lewis C. Aldricks may see proper to contract." Aldricks made purchases at two several times, the aggregate sum being less than seven hundred dollars.—*Aldricks and others v. Higgins,* 16 Serg. & R. 212. "Messrs. Anderson & Canan: Mr. Pratt having informed me that he is making some purchases from you, and not being acquainted with you, that you wish some reference; though not personally acquainted, yet I would say from my knowledge of Mr. Pratt that you might credit him with perfect safety, and that any thing he might purchase from you, I would see paid for."—*Anderson v. Blakely,* 2 Watts & Serg. 237. "Whatever goods you sell to Addison Burk, to be sold in our store, we will consent that he may take the money out of our concern to pay for the same; only you must treat him as well about prices and length of credit, as you do your best customers. The said Addison shall have the liberty of taking the pay out of our concern as fast as the goods are sold."—*Baker v. Rand,* 13 Barb. 152. "There is a fair prospect that Mr. Richards could sell a few chamber suits, if he had them. If you will let him have them, we will see that you receive pay for them as sold, or soon after."—*Hayden v. Crane,* 1 Lans. 181. "If you will let the bearer have what leather he wants, and charge the same to himself, I will see that you have your pay in a reasonable length of time."—*Gard v. Stevens,* 12 Mich. 292. See, also, *Teneycke v. Vanderpool,* 8 Johns. 120; *Cremer v. Higginson,* 1 Mason, 323; *Kay v. Groves,* 6 Bing. 276; *Boston & S. Glass Co. v. Moore,* 119 Mass. 435.

If the guaranty express that the goods are to be sold from time to time, or if it be clearly implied that such is the un-

derstanding and agreement, then the rule is different.—*Cahuzac v. Samini*, 29 Ala. 288. There is nothing in our former rulings opposed to the principles stated above.—*Walker v. Forbes*, 25 Ala. 129; *S. C.*, 31 Ala. 9.

We think the guaranty in the present case is not definite enough to be classed as continuing, and therefore hold it was exhausted when the first purchase was made. That being paid for, plaintiffs show no cause of action.

The judgment is affirmed.