ALFRED KNOWLTON, in review, *vs.* E. C. HERSEY and another.

Cumberland. Opinion July 30, 1884.

*Contract. Guaranty.*

K wrote to H the following letter: "Gentlemen,—The bearer of this letter, my son-in law, . . . wishes to place a stock of groceries in his provision and meat store, in this place. To enable him to do this, I am willing to be responsible to you for the amount of groceries he may order of you." *Held,* that the letter did not create a continuing liability; that when the stock of groceries had been selected, and, with the aid of K, had been paid for, the latter's liabilities ended.

ON REPORT.

Writ of review. Original judgment was rendered on default at the December term, 1881, of the superior court, Cumberland county, for $83.83 with interest from the date of writ, making $87.45 debt and $31.90 costs of suit.

The opinion states the material facts.

*John J. Perry* and *J. W. Knowlton,* for the plaintiff in review, cited: *Monk* v. *Beal,* 2 Allen, 585; *Glidden* v. *Child,* 122 Mass. 433; *Chapin* v. *Lapham,* 20 Pick. 467; *Mussey* v. *Rayner,* 22 Pick. 230; *Sylvester* v. *Staples,* 44 Maine, 496; *Richardson* v. *Insurance Co.* 46 Maine, 398; *Cocheco Bank* v. *Berry,* 52 Maine, 302; *Hawes* v. *Smith,* 12 Maine, 429.

*Drummond and Drummond,* for the defendants in review, contended that the contract of Knowlton was an original and not a collateral undertaking, that it was the intention of the parties that the credit was to be extended to him and not to Young, and cited: *Norris* v. *Spencer,* 18 Maine, 324; *Homans* v. *Lambard,* 21 Maine, 308; *Copeland* v. *Wadleigh,* 7 Maine, 141; *Griffin* v. *Derby,* 5 Maine, 476; *Hunt* v. *Adams,* 5 Mass. 358; *Thayer* v. *Wild,* 107 Mass. 449; *Duval* v. *Trask,* 12 Mass. 154; *Chapin* v. *Lapham,* 20 Pick. 467; *Cahill* v. *Bigelow,* 18 Pick. 369; *Anderson* v. *Hayman,* 1 H. Bl. 120; *Jones* v. *Cooper,* Cowp. 227; *Raines* v. *Stony,* 3 C. & P. 130; *Glidden* v. *Child,* 122 Mass. 433; *Monk* v. *Beal,* 2 Allen, 585.

The letter placed no limit upon the amount of credit to be given, and is to be construed in the light of the facts and circumstances, in considering the question of the continuing liability of Knowlton. And the fact that the defendants in review relied upon the credit of the plaintiff in review in making the sales is a fact and circumstance that show, at least, their understanding of the letter and the intention of the parties.

Counsel cited: *Douglass* v. *Reynolds*, 7 Pet. 119; *Bell* v. *Bruen*, 1 Howard 169; *Bent* v. *Hartshorn*, 1 Met. 24; *Hargreave* v. *Smee*, 6 Bing. 244; *Mason* v. *Pritchard*, 12 East, 227; *Mayer* v. *Isaac*, 6 M. & W. 604; *Melville* v. *Hayden*, 3 B. & A. 389; *Lee* v. *Dick*, 10 Pet. 482.

WALTON, J. On the 25th of February, 1880, Alfred Knowlton of Liberty, Maine, wrote a letter to E. C. Hersey & Co. of Portland, of the following tenor.

" *Gentlemen* : The bearer of this letter, my son-in-law, Mr. Arthur Young, wishes to place a stock of groceries in his provision and meat store in this place. To enable him to do this, I am willing to be responsible to you for the amount of groceries he may order of you."

The question is whether or not this letter created a continuing liability. · It appears that Mr. Young went with it to Hersey & Co., selected groceries to the amount of $432.45; for which his father-in-law, Mr. Knowlton, signed notes, which were subsequently paid. This was in February, 1880. In April, May and June following, Young ordered other groceries, to the amount of $83.83 ; and the question is whether, by virtue of the foregoing letter, Mr. Knowlton is liable for this last bill.

We think he is not. It seems to us that the letter was not intended by the writer, and could not properly be understood by those to whom it was addressed, as creating a continuing liability. It expresses a willingness to' aid Mr. Young in starting a new branch of business, but fails to express an intention to continue such aid in the future. In the language of the letter, the aid which the writer proposes to render is to enable Mr. Young "to *place* a stock of groceries in his provision and meat store," not

to replenish or keep such a stock good afterwards; and that when the stock of groceries had been selected, and, with the aid of Mr. Knowlton, had been paid for, the latter's liability ended, and that two months after, other goods could not be sold to Mr. Young on Mr. Knowlton's credit, without the latter's consent, and a new promise to be accountable for them. Such being our conclusion, there is no occasion to consider the other questions argued by counsel.

> *Judgment for Mr. Knowlton,*
> *the plaintiff in review.*

PETERS, C. J., DANFORTH, VIRGIN and LIBBEY, JJ., concurred.