| 61 | 327 |
| 78 | 452 |

| 61 | 327 |
| 144 | ³ 64 |

## JAMES L. MATHEWS v. RALPH PHELPS, JR., AND WILLIAM E. MOLONEY.

*Contract of suretyship—Construed to be a continuing guaranty where liability is limited as to amount and not as to time—Construction of contract —Intention of the parties should be carried into effect—To be ascertained from language used, and facts and circumstances attending its execution —Admissions—Of copartner and joint contractor competent evidence to bind co-defendant—Whether same rule applies to co-surety, Query— If admitted, but remaining testimony makes plaintiff's case, defendants offering none, error, if any, not prejudicial, and judgment will not be reversed.*

1. Plaintiff employed an agent to sell cigars upon an agreed commission;

the agent was to account for all moneys received on such sales, and defendants agreed in writing "to become his surety for the sale of cigars, to plaintiff, to the extent of two hundred dollars." The agent's sales amounted to over one thousand dollars, and he failed to account for one hundred and sixty-nine and 4-100 dollars of the money received thereon.

*Held*, in a suit brought by the plaintiff against the sureties, upon their agreement, to recover this deficit, that in the light of the surrounding circumstances the guaranty was intended to continue so long as the agent sold cigars for plaintiff, or until ended by notice from the sureties; and that under a fair construction of defendants' contract of suretyship they were liable to plaintiff for the proceeds of the agent's sales, such liability being limited to two hundred dollars.

2. In construing a contract of guaranty, the general rule arising from the implication of the language used is that when the amount of the guarantor's liability is limited, and the *time* is not, it will be held to be a continuing guaranty.

3. A contract should always be so construed as to carry into effect the intention of the parties, which must be ascertained from the language of the instrument, and the facts and circumstances attending its execution.

4. The admissions of a copartner and of a joint contractor have been held admissible in evidence to bind, not only themselves, but their co-defendants; but whether a like rule applies to a co-surety is a question unnecessary to be determined in this case.

5. Where in a suit against two co-sureties the admissions of *one* as to *their* liability were received in evidence, against the objection of the other, but the remaining testimony for plaintiff made out his case, and none was introduced by the defendants,—

*Held*, that the error, if any was committed, could not have prejudiced the defendants, and the judgment will not be reversed for that reason.

Error to Wayne. (Jennison, J.)  Argued April 28, 1886. Decided May 6, 1886.

Assumpsit.  Defendants bring error.  Affirmed.  The facts are stated in the opinion, and in head-note 1.

*James H. Pound*, for appellants :

A surety is a favorite in the eye of the law, and is not chargeable beyond the strict terms of his engagement: Brandt on Suretyship, § 79.

No principle is more firmly settled in this State than that sureties may stand on the very terms of a statutory bond or undertaking; and so clearly has this doctrine been announced and acted upon that it may be regarded as entering into the condition of such an undertaking, and it will not be extended by the courts beyond the necessary import of the words used; nor will it be implied that the surety has undertaken to do more or other than that which is expressed in such obligation: Id.; *Lang v. Pike*, 27 Ohio St. 498.

A guarantor, like a surety, is bound only by the strict letter or precise terms of the contract and is, in this respect a favorite of the law, and a claim against him is *strictissimi juris; Kingsbury v. Westfall*, 61 N. Y. 356; and the contract is construed, if not strictly, *accurately;* 2 Parsons on Contracts, 5.

The liability of the surety is not to be extended by implication beyond the terms of his contract: Brandt on Suretyship, § 79; *Miller v. Stewart*, 9 Wheat. 680; *Ludlow v. Simond*, 2 Caine's Cases in Error, p. 1; and his contract cannot be enlarged in the slightest particular without his consent: *Smith v. Shelden*, 35 Mich. 42; *Bullock v. Taylor*, 39 Id. 137; *Peck v. Miller*, Id. 594.

No covenant not on the face of a bond will be implied against a surety: *White Sewing Machine Co. v. Mullins*, 41 Mich. 339; *Bishop v. Freeman*, 42 Id. 533.

Defendants' contract was not a continuing one, they agreeing to become liable to the extent of two hundred dollars, and when that sum was reached the guaranty was satisfied; yet the amount sued for is the remnant of over one thousand dollars' worth of sales. 2 Parsons on Contracts (6th ed.) *21 (note); *Gard v. Stevens*, 12 Mich. 292.

*Geo. F. Beasley*, for plaintiff:

The construction given to the contract was correct: 2 Parsons on Contracts (5th ed.), 513.

The purpose of the writing was to fix defendants' liability under the second clause of the statute of frauds (How. Stat. § 6185), and it is evident that defendants intended to become sureties for somebody who was to incur a liability for indebtedness to plaintiff to the extent of two hundred dollars.

The admission of one of the co-sureties was competent evidence: *Schmidt v. Pfau*, 2 N. E. R. 527; *Thompson v. Richards*, 14 Mich. 187–8.

The admissions of a party to the record are receivable in evidence against him, and when there are several joint parties,

with a joint interest or privity in design between them, the admissions of one are evidence against all : 1 Greenl. Ev. (Redfield's ed.) 204, and cases cited ; *Whitcomb v. Whiting*, 2 Doug. 652 ; *Perham v. Raynal*, 2 Bing. 306 ; *Burleigh v. Stott*, 8 B. & C. 36 ; *Wyatt v. Hodson*, 8 Bing. 309 ; *Holme v. Green*, 1 Stark. 488 ; *Hunt v. Bridgham*, 2 Pick. 581; *White v. Hale*, 3 Id. 291 ; *Frye v. Barker*, 4 Id. 382 ; *Cady v. Shepherd*, 11 Id. 400 ; *Martin v. Root*, 17 Mass. 222 ; *Beitz v. Fuller*, 1 McCord, 541 ; *Johnson v. Beardslee*, 15 Johns. 3 ; *Bound v. Lathrop*, 4 Conn. 336 ; *Coit v. Tracy*, 8 Id. 268, 276–7 ; *Patterson v. Choate*, 7 Wend. 441 ; *Barrick v. Austin*, 21 Barb. 241.

It became the duty of the court to interpret and construe the memorandum of suretyship to the jury : 2 Pars. on Cont. (5th ed.) 492 (note *b*); *Bronson v. Green*, Walker's Ch. 59; *Bird v. Hamilton*, Id. 361 ; *Norris v. Showerman*, Id. 206; *Dudgeon v. Haggart*, 17 Mich. 279 ; *Johnson v. Moore*, 28 Id. 6 ; *Tower v. Detroit, L. & L. M. R. R. Co.*, 34 Id. 328 ; *Grant v. Merchants' & Manufacturers' Bank*, 35 Id. 515 ; *Vary v. Shea*, 36 Id. 398.

In interpreting a contract the intention and purpose of the parties in making it are first to be ascertained : 2 Parsons on Cont. (5th ed.) Sec. 3, 499 ; and the contract should be supported rather than defeated : Id. 503.

All contracts should be construed *contra proferentem :* Id. 506 ; *Mason v. Pritchard*, 12 East, 227 ; and this rule applies to an accepted guaranty : 2 Parsons on Contracts (5th ed.) 509 ; *Bastow v. Bennett*, 3 Camp. 220 ; *Browning v. Beston*, Plowd, 140.

The instruction given by the court was warranted by the evidence and surrounding facts and circumstances, which were legitimate sources of information, open to the court and jury to show the intention of the parties : *Norris v. Showerman*, 2 Doug. (Mich.) 16 ; *Paddack v. Pardee*, 1 Mich. 421; *Jerome v. Hopkins*, 2 Id. 97 ; *Facey v. Otis*, 11 Id. 213 ; *Hunter v. N. Y. Salt Co.*, 14 Id. 98 ; *Phillips v. Raymond*, 17 Id. 287 ; *Heyer v. Lee*, 40 Id. 355 ; *Stuart v. Worden*, 42 Id. 160.

CHAMPLIN, J.  Suit was brought by the plaintiff against the defendants before a justice of the peace, in which the plaintiff declared against the defendants in an action of assumpsit upon all the common counts, and on a memorandum of suretyship as follows:

"DETROIT, October 22, 1883.

"It is hereby mutually agreed that William E. Moloney and Ralph Phelps, Jr., is to become the surety of Charles Savenac, for the sale of cigars, to James L. Mathews, to the extent of two hundred dollars.

"RALPH PHELPS, Jr.
"WILLIAM E. MOLONEY."

At the trial in the circuit court, to which the case had been appealed, it appeared that Mathews was a manufacturer of cigars in the city of Detroit, and had entered into an arrangement with Charles Savenac to sell cigars for him, and return the money to Mathews, for which Mathews was to give five dollars a thousand "all round," and defendants signed the written agreement above set forth for the purpose of becoming responsible for the money Savenac did not return, and delivered the same to the plaintiff, who thereupon furnished Savenac with samples, and he proceeded to sell cigars for the plaintiff. Under these facts, the court construed the contract as if it read as follows:

"DETROIT, October 22, 1883.

"It is hereby mutually agreed that William E. Moloney and Ralph Phelps, Jr., is to become the surety of Charles Savenac to James L. Mathews, for the sale of cigars, to the extent of two hundred dollars."

We think the court construed the contract of suretyship correctly, in the light of the surrounding circumstances. If construed literally, it would be meaningless. By the transposition of a single phrase, the intention of the parties is expressed in clear and unambiguous language.

The record further shows that Savenac failed to return to the plaintiff money received by him on the sale of cigars, to the amount of $169.04. It also appears that the sales made by Savenac for the plaintiff amounted to more than $1,000, and defendants' counsel contends that the contract of suretyship did not extend beyond the sale of $200 worth of cigars, and was not continuous; and, plaintiff having received returns exceeding $200, the defendants are not liable in this action. This would be a narrow construction to place upon the terms of the contract. It is the extent of the liability, and not the extent of the sales, that is limited to $200

The general rule arising from the implication of the language used is that when the amount of the liability is limited, and the time is not, the contract should be construed as a continuing guaranty :   *Gard v. Stevens*, 12 Mich. 295.[1]

In all cases the contract should be so construed as to carry into effect the intention of the parties ; and such intent must be ascertained from the language of the instrument, and the facts and circumstances attending the execution thereof.[2]

Viewing the contract under consideration in the light of the circumstances under which it was made, it is plain that the guaranty was intended to continue so long as Savenac should continue to sell cigars for Mathews, or until ended by notice from the sureties that they would not continue to be responsible any longer ; the extent of their liability being fixed at $200.

The court permitted plaintiff to testify to admissions of defendant Phelps as to the liability of defendants upon the contract.    This the counsel for defendants insists is error, for the reason that admissions made by Phelps could not bind his co-surety, Moloney.    The admissions of a copartner and of a joint contractor have been held admissible in evidence to bind, not only themselves, but their co-defendants ; but whether the admissions of a surety are proper evidence to bind a co-surety is a question which need not be determined in this case.    No testimony was introduced on behalf of defendants.    The testimony of the plaintiff made out a case under which he was entitled to recover without the admissions as to liability of defendant Phelps.    The error, if any was committed, could not by any possibility have prejudiced the defendants, and the judgment will not be reversed for that reason.

Perceiving no error prejudicial to defendants, the judgment is affirmed.

The other Justices concurred.

---

[1] See *Farmers' & Mechanics' Bank v. Kercheval*, 2 Mich. 505.

[2] See *Switzer v. Pinconning Mfg. Co.*, 59 Mich. 488.