PATRICK D. TWOHY et al. vs. J. R. McMURRAN.

Argued April 25, 1894. Reversed May 11, 1894.

No. 8649.

**A guaranty construed and held not continuing.**

Where, by the terms of a written guaranty, it appears that the parties look to a future course of dealing for an indefinite time, or a succession of credits to be given, it is to be deemed a continuing guaranty, but where no time is fixed upon, and nothing in the agreement indicates a continuance of the undertaking, the presumption is in favor of a limited liability as to time and credits.

**Performance shown by the evidence.**

The written guaranty involved in this case held to be noncontinuing, and also that its conditions have been complied with, and the guarantor exonerated from liability by payment of the amount named therein.

Appeal by defendant, J. R. McMurran, from an order of the District Court of Ramsey County, J. J. Egan, J., made August 26, 1893, denying his motion for a new trial.

The plaintiffs, Patrick D. Twohy and Cornelius L. Twohy, were partners in business selling groceries at St. Paul. William H. Baker was about to open a restaurant in the Colonnade building on St. Peter Street in that city. On May 4, 1889, defendant made and signed the guaranty set out in the opinion and it was delivered

to the plaintiffs. Between that date and June 14, 1889, they sold and delivered to Baker groceries exceeding in value $250. On that day they presented to defendant a bill of the goods sold to Baker and asked for money. Defendant paid them $250 thereon. The plaintiffs continued to sell Baker goods and he made payments. Their total sales to him to September 15, 1889, were $996.21 and the payments including the $250 paid by defendant amounted to $688.14, leaving a balance of $308.07 unpaid. They brought this action to recover $250 of this balance from the defendant, claiming the instrument signed by him was a continuing guaranty and that he was liable to them for this amount notwithstanding his former payment. At the trial the court so held and directed the jury to return a verdict for the plaintiffs for that amount. Defendant excepted, moved for a new trial, and being denied appeals.

*Lewis E. Jones* and *Jones & McMurran,* for appellant.

*John W. Pinch,* for respondent.

COLLINS, J. This appeal is disposed of by going directly to the question of defendant's liability, as shown by the evidence, when, at the close of the case, the court directed a verdict for plaintiffs. The latter were in the grocery business at the city of St. Paul, and defendant was the president of a corporation which owned a large building in the same place. One Baker was about to open a cafe in said building, and, wishing to buy goods for use in the cafe, applied to plaintiffs for credit. It was refused unless payment was guarantied by a responsible party. Being advised of this, and at Baker's solicitation, defendant executed and handed to the latter a writing, as follows:

"Messrs. Twohy Brothers, Broadway, City—

"Gentlemen: If you desire to give Mr. William H. Baker a credit of two hundred and fifty ($250.00) dollars with your house for provisions for the restaurant in the Colonnade, corner 10th and St. Peter streets, I will be responsible for such amount. Yours, etc.,

"J. R. McMurran.

"St. Paul, 4—5—89."

This was delivered to plaintiffs by Baker, an account was opened with him, and within the next six months goods were sold on credit

of the value of about $1,000. Including a certain payment of $250, to be hereinafter referred to, there was paid on this account not far from $725, so that, when the action was brought, the balance due plaintiffs exceeded $250.

1. It is contended by plaintiffs' counsel that the guaranty was a continuing one, intended by the parties as a standing credit at all times, and to cover a number of transactions. It is not claimed that at any one time the defendant's liability exceeded the sum mentioned in the paper, but that he could be made to pay that sum an indefinite number of times. He could not exonerate himself from an obligation to pay $250 simply by paying it once, but if, after payment, credit was again given Baker, a fresh liability upon the guaranty at once arose. The claim of counsel really amounts to this: that payment by defendant of the amount mentioned in the writing justified and warranted further credit, and in a like amount, to Baker, as fully as if defendant had executed and delivered another written guaranty. We are not prepared to say that the plaintiffs' counsel has not cited a few cases which, to some extent, support his contention, but the prevailing rule is well established and is well stated in 9 Am. & Eng. Enc. Law, p. 77, as follows: "When, by the terms of the guaranty, it appears that the parties look to a future course of dealing for an indefinite time, or a succession of credits to be given, it is to be deemed a continuing guaranty, but when no time is fixed upon, and nothing in the agreement indicates a continuance of the undertaking, the presumption is in favor of a limited liability as to time." Many cases are cited, illustrative of the rule. The elementary doctrine must also be kept in mind that the liability of a guarantor is not to be extended beyond the terms of his contract. We are unable to see how the language used in the writing indicates that the parties had in mind a future course of dealing for an indefinite time, or that there was to be a succession of credits. Nor is the language ambiguous, nor is there anything in the case tending to show that it was ever regarded as ambiguous by at least one of the parties. The fact that the guaranty itself was not taken up by defendant at the time he claims to have paid, in accordance with its terms, cannot be regarded as a practical construction of its language, or as an admission that it was continuing.

2. Some two months after the guaranty was delivered, plaintiffs, at the office of the corporation of which defendant was president, called for money upon Baker's account, presenting a bill for about $300. They were paid, by check of the corporation, the sum of $250, and seem to admit that this was a payment upon the guaranty, and to have been so considered by all parties. The evidence is so clear and undisputed upon this point that, under our construction of the guaranty itself, a verdict against the defendant has nothing to support it.

Order reversed.

BUCK, J., absent on account of sickness, took no part.

(Opinion published 59 N. W. 301.)