THE S. HAMILL COMPANY v. ANNIE WOODS, Appellant.

**Guaranty: Construction:** PRACTICE. Parol evidence is admissible to show whether a guaranty for any goods "you may let B have and I will see the same paid as if it was my own *debt*," is or is not a continuing guaranty. The word "debt" is equally applicable to one or several transactions.

*Appeal from Keokuk Superior Court.*—HON. HENRY BANK, JR., Judge.

FRIDAY, APRIL 5, 1895.

Action at law on a guaranty in writing of the liability of another. After the evidence had been fully submitted, the court directed a verdict for the plaintiff, and rendered judgment in its favor for the amount of the verdict. The defendant appeals.—*Reversed*.

*J. F. Smith* for appellant.

*Parsons & Dolan* for appellee.

Robinson, J.—The plaintiff is a corporation, and is the successor of, and claims to own the accounts which belonged to, the firm of S. Hamill & Co. Among those accounts there is one against Robert Breed, on which there is due a balance of two hundred and three dollars, with interest thereon at six per cent. per annum

from the twenty-ninth day of May, 1890. The guaranty by reason of which it is sought to hold the defendant is as follows: ."Keokuk, Iowa, Oct. 2nd, 1888. Messrs. S. Hamill & Co., Keokuk, Iowa: I agree to be responsible personally for any goods you may let Robert Breed have, and I will see the same is paid, the same as if it was my own debt. Respectfully, yours, Mrs. Annie Woods." The account, the balance of which the plaintiff seeks to recover, is for goods sold on the fourteenth day of November, 1889, and on various subsequent dates; the last bill having been sold on the twenty-third day of May, 1890. The plaintiff claims that the guaranty was a continuing one, and that it covered all the goods sold by S. Hamill & Co. to Breed. The defendant contends that it was only a guaranty of a bill of goods sold to Breed about the date of the guaranty, and that full payment has been made for those goods.

I. When the guaranty was given, Breed was running railway boarding cars, and the defendant was keeping a hotel in Keokuk. It does not appear that there was any business relation between them, and she testifies that she had nothing to do with the running of the boarding cars. About the time the guaranty was given, Breed handed to her a bill of goods which he desired to purchase, and requested her, as she was better acquainted with S. Hamill & Co. than he was, to go to them and obtain the goods. She did so, but, before they were delivered, Hamill, a member of the firm, without any previous consultation with defendant in regard to the guaranty, drew the one we have set out, and took it to her to sign. He is unable to state what was said to her, but she testifies that he said to her that he would like to have her "sign as security for those goods," and that she said that she would do so, "but that they would be paid for in thirty days, or before."

She was not permitted to testify in regard to what Hamill said about her liability for the goods that they might thereafter sell to Breed, and the rulings of the court were made on the theory, evidently, that the guaranty was continuing, and covered goods to be sold after it was executed, without limit as to the time or amount; that it was free from ambiguity, and could not be explained by parol evidence. We are required to determine whether that theory is correct. Authorities construing commercial guaranties are numerous, and in some respects conflicting. Where the language of the guaranty clearly contemplates that it shall apply to a series of transactions, it will be regarded as continuing. In 9 Am. & Eng. Enc. Law, 77, the rule is stated as follows: "When, by the terms of the guaranty, it appears that the parties look to a future course of dealing for an indefinite time, or a succession of credits to be given, it is to be deemed a continuing guaranty." In *Manning v. Alger*, 78 Iowa, 186, a guaranty was construed which was in form as follows: "* * * If you will ship goods to J. T. Ingman, I will be responsible for payment of same to the amount of ($600.00) dollars." It was held that it was an absolute undertaking and it was said that a restriction as to amount was evidence of a purpose not to restrict in other respects. That guaranty was unlike the one under consideration, for the reason that the latter contains no terms of limitation. In *Perryman v. McCall*, 66 Ala. 402, it appears that one J. R. Burns purposed to go into a retail business, and asked of the plaintiffs credit for about two hundred dollars. They required security, and in response to their letter the defendant wrote to them, "I indorse Mr. J. R. Burns, and hope he may become one of your best customers." It was held not to be a continuing guaranty, for the reason that it did not appear that more than one order was contemplated

by any of the parties when the guaranty was made. That conclusion is supported by a number of authorities cited in the opinion. A guaranty was construed in *Pipe Co. v. Ganser* (Mich.), 25 N. W. Rep. 377, which was in the following form: "* * * Whereas, the said August Ganser has arranged and is about to purchase on credit sewer pipe of the said Columbus Sewer-Pipe Company, now, if the said August Ganser shall well and truly pay said Columbus Sewer-Pipe Company for all goods purchased, or that he may hereafter purchase, of them, according to the terms of the purchase, then this obligation to be void, otherwise in full force and effect, for the amount of his said indebtedness, not exceeding three thousand dollars." It was held that the guaranty was not continuing, and that the trial court erred in not permitting the defendant to show by parol evidence that it was the express understanding of the parties that the guaranty was to be good for sewer pipe furnished for a certain sewer only. In *Schwartz v. Hyman*, 107 N. Y. 564, 14 N. E. Rep. 447, it was held, of a guaranty in words as follows: "You will be kind enough to send to Jacob Posner a full line of samples,—of course, suitable for spring and summer,—at the lowest figures. And I will guarantee the payment of any goods you may sell him,"—that it was not a continuing guaranty. It was said that the construction of such a guaranty must always be largely influenced by the precise language used, viewed in the light of the circumstances attending its execution. In *Twohy v. McMurran* (Minn.), 59 N. W. Rep. 301, it was held that a guaranty was not continuing which was as follows: "* * * If you desire to give Mr. William H. Baker a credit of two hundred and fifty dollars ($250.00) with your house, for provisions for the restaurant in the Colonnade, * * * I will be responsible

for such amount." The rule of these cases finds support in the following authorities: *Patterson v. Gage* (Colo. Sup.), 16 Pac. Rep. 560; *Auerbach v. Holley* (Tex. Civ. App.), 26 S. W. Rep. 83; *Glass Co. v. Moore*, 119 Mass. 435; *Rogers v. Warner*, 8 Johns. 119; *Gard v. Stevens*, 12 Mich. 292; *Knowlton v. Hessey*, 76 Me. 345. It was held in *McShane Co. v. Padian*, 142 N. Y. 207, 36 N. E. Rep. 880, of a guaranty in words as follows: "I, William Padin, hereby guaranty to Henry McShane Company, Limited, the payment by John P. Weigers, plumber, to them, for any and all materials which they may deliver to John P. Weigers. I not to be liable for any balance exceeding five hundred dollars which may become due,"—that it was continuing, and so free from ambiguity that parol evidence as to the intent of the parties was not competent to show that it was not continuing. See, also, *Taussig v. Reid*, 145 Ill. 488, 32 N. E. Rep. 918; *Bank v. Hall*, 83 N. Y. 338; *Stamping Co. v. Noyes* (Mass.), 24 N. E. Rep. 53; *Mathews v. Phelps* (Mich.), 28 N. W. Rep. 108; *Wright v. Griffith* (Ind. Sup.), 23 N. E. Rep. 282.

It is a generally recognized rule that, when the language of a guaranty is not so clear as to indicate its meaning conclusively, parol evidence is admissible to show the circumstances under which it was executed; that it may be construed in the light of all material facts, to the end that the intent of the parties to it may prevail. And it will be found in most, if not all, of the cases we have cited, as supporting the rule in *McShane Co. v. Padian, supra*, that the language of the guaranty construed was different from, and more conclusive in its effect than, that involved in this case. Thus, in *Wright v. Griffith, supra*, relied upon by the appellee, the guaranty was in words as follows: "Please let my daughter * * * have what goods she wants, and I will stand good for the money to settle the bills." It

contemplated more than one bill, and was therefore continuing. The guaranty in this case is couched in language which is as applicable to a single transaction as to more than one. It refers to a debt, not to debts. When it was signed, the sale to Breed had not been completed; and while, if the guaranty had been intended to apply to a single bill, it would have been easy to select apt language to express the fact, yet the agency of the seller in preparing the guaranty should not be forgotten. The language used was not of her choosing, but, if it were true that a single sale only was contemplated by the parties, the language was sufficiently accurate for all practical purposes. It did not misrepresent the intention of the parties, even though it did not express it so clearly as to make it beyond all question. We conclude that the court erred in excluding evidence to show the circumstances under which the guaranty was executed, and in directing a verdict for the plaintiff.

A motion for a more specific statement of the cause of the action of the plaintiff was made by the defendant, and overruled. We are of the opinion that the ruling was correct. No sufficient reason for requiring the petition to be made more specific was shown.

Other questions discussed in argument are not likely to arise on another trial. For the error pointed out the judgment of the superior court is *reversed*.