D. B. FISK & COMPANY, Appellant, v. HENRY RICKEL.

**Continuing Guaranty.** A continuing guaranty which is not exhausted by the extension of credit to the limit named is evidenced by an instrument whereby one party, in consideration that the other will sell goods upon credit, to a third person, from time to time guarantees the prompt payment of all bills at their maturity, "said maturity to be sixty days from date of bills; hereby waiving any and all notice of times or amounts of sales or of defaults or delays in the payment therefor, not exceeding $400.00."

*Appeal from Cedar Rapids Superior Court.*—HON. T. M. GIBERSON, Judge.

MONDAY, MAY 15, 1899.

ACTION upon a written guaranty of a certain account. Defendant demurred to the petition, which set out the facts

in full.    The demurrer was sustained.    Plaintiff refusing
to plead further, judgment was rendered in defendant's favor
for costs.    Plaintiff appeals.—*Reversed.*

*W. L. Crissman* and *C. D. Harrison* for appellant.

*Preston & Wheeler* and *Rickel & Crocker* for appellee.

WATERMAN, J.—The guaranty was in this form: "Chi-
cago, Ill., Sept. 22, 1893.    In consideration that D. B. Fisk
& Co., of Chicago, Ill., will and do sell to Mrs. J. W. Cook,
West Union, Iowa, upon credit, sundry bills of goods from
time to time as she may purchase or order, I, the under-
signed, do hereby guaranty to said D. B. Fisk & Co. the
prompt payment of all such bills at their maturity,—said
maturity to be sixty days from date of bills; hereby waiving
any and all notice of times or amounts of sales, or of defaults
or delays in the payment therefor.  Not exceeding four hun-
dred dollars.    Henry Rickel."    As stated by appellee, two
questions are raised by the demurrer:    (1) Was this a con-
tinuing guaranty? and (2) was the amount fixed intended as
a limit to the credit to be extended to Mrs. Cook, as well as
to the liability of defendant?    There is really but one ques-
tion presented, for the propositions stated are identical.    A
continuing guaranty is one in which the parties look to a
future course of dealing for an indefinite time.    In such case
the amount fixed in the instrument is a restriction upon the
guarantor's liability only, and not upon the amount of credit
that may be given to the debtor.    *Douglass v. Reynolds,* 7
Pet. 113; *Twohy v. McMurran,* 57 Minn. 242 (59 N. W.
Rep. 301); 9 Am. & Eng. Enc. Law, 77.    Looking now to
the language of the instrument under consideration, we find
that it comprehends various future transactions, and is unlim-
ited as to time.    While the contract of a guarantor is not to
be extended by implication, yet, as these instruments are of
frequent use in the commercial world, upon the faith of
which extensive credits are given and large advances made,

care should be taken to hold the party bound to the full extent of his engagement, as the same may be deduced from the language of the contract, read in the light of surrounding circumstances. *Douglass v. Reynolds, supra;* Brandt Suretyship, section 130. We cannot avoid the conclusion that the plaintiff was justified in regarding this as a standing guaranty to the amount of four hundred dollars. A fair construction of its terms, in view of the situation of the parties, is that it was intended to afford a continuing credit to aid the principal in her business venture. It is rare, in cases of this kind, that the language of any particular guaranty is such as to make a decision upon it an authority in construing another. A slight difference of phraseology will alter the legal effect. We find no other case in which the instrument was, in terms, identical with the one we have here. But the cases support the principle upon which we rest our conclusion. In *Douglass v. Reynolds,* cited above, the language of the instrument was: "Our friend ——, to assist him in business, may require your aid from time to time. * * * We do hereby bind ourselves * * * for a sum not exceeding," etc. Held a continuing guaranty. A similar holding in *Tootle v. Elgutter,* 14 Neb. 158 (15 N. W. Rep. 228), was founded upon this language: "Please let —— have credit for goods to the amount of $100," etc. In *Crittenden v. Fiske,* 46 Mich. 70 (8 N. W. Rep. 714), the instrument was in terms quite like the one in suit, and it was construed a continuing obligation. See, also, *Rindge v. Judson,* 24 N. Y. 64; *Bent v. Hartshorn,* 1 Metc. (Mass) 24; *Hatch v. Hobbs,* 12 Gray, 447; *Trustees v. Gilliford,* 139 Ind. 524 (38 N. E. Rep. 404); *Lane v. Mayer,* 15 Ind. App. 382 (44 N. E. Rep. 73); Brandt Suretyships, sections 131, 132.

Without taking time and space to set out the facts, we will say that the cases cited by appellee can all be readily distinguished from the one at bar. In each of them language was used to indicate that the guarantor restricted the amount

of credit to be given, as well as his own liability. The trial court erred in sustaining the demurrer, and its judgment is therefore REVERSED.