The Bridgeport Malleable Iron Company, Appellant, v. The Iowa Cutlery Works, et al., Appellees.

**Sales:** liability of guarantor. A seller of goods who refused to
1   accept an instrument intended as a guaranty for payment, but demanded and received other security before the shipment was made upon which he relied, could not thereafter insist on liability under the original instrument.

**Contract of guaranty:** construction. Where the object of a guar-
2   anty is the procurement of a credit and it is not clear from the writing whether the contract is a limited or continuing one, it will be construed according to the intent of the parties as disclosed by its language and the circumstances; and where upon the whole evidence the guaranty is still ambiguous, it will be construed most strongly against the guarantor, especially where it was drawn by him and the other party has extended credit on an interpretation favorable to himself. The contract in the instant case is construed to be a continuing guaranty.

*Appeal from Linn District Court.*— Hon. J. H. Preston, Judge.

Thursday, June 7, 1906.

ACTION at law upon an account for cutlery materials sold and delivered the defendant Cutlery Works. The defendants, Z. L. Brewer, C. M. Brown, and W. A. Hubbard, are charged as guarantors of the payment of such account. Trial was had to the court without a jury, and from the judgment entered plaintiff appeals.— *Affirmed* in part, and *reversed* in part.

*Powell & Powell* and *Shaw & Nicholson,* for appellant.

*Redmond & Stewart,* for appellees.

BISHOP, J.— At the time of the execution of the contract of guaranty in question, plaintiff was a corporation doing business at Bridgeport, Conn., and the defendant Cutlery Works a corporation doing business at Cedar Rapids, this state.    The other defendants named were officers of the latter corporation and engaged in the conduct of its business. Prior to July 8, 1902, materials had been purchased of plaintiff by the defendant company which had been only partially paid for.    It does not appear upon what terms the credit had been extended.    On the date named a further order was sent forward, calling for numerous items and with the request that certain of such items be given preference in shipment.    Upon receipt of this order, plaintiff responded by making demand for security.    The precise form of the demand does not appear from the record before us.    To this the defendant company replied of date July 21st, saying: " We are somewhat at a loss to know just what you want as to guarantee.    As president and general manager, and as secretary and treasurer, we can give our individual assurances that the bills will be paid, at thirty days, as required, and inclose such a guarantee herewith."    The inclosure was in words as follows:    " July 21, 1902.    We, the undersigned, president and general manager, and secretary and treasurer, for the Iowa Cutlery Works and for ourselves individually,

do hereby agree with the Bridgeport Malleable Iron Company and guarantee that the bills of said iron company for work done and material furnished to said cutlery works will be paid promptly when the same come due, to wit: Net cash, 30 days. [Signed] Iowa Cutlery Works, by Z. L. Brewer, Gen. Mgr., C. M. Brown, Secy. & Treas., and Z. L. Brewer, Pres. & Gen. Mgr." On July 24th plaintiff wrote in response to this as follows: "We have yours of the 21st inst., and guarantee of your company for payment of account. This is not according to our request, which was that we should have your individual guaranties, not as officers of the company. What we require is the guarantee of your Mr. Brewer and Mr. Hubbard personally. Awaiting your reply, with guarantee, we remain," etc. Thereupon an instrument was forwarded to plaintiff in words as follows: "July 28, 1902. We hereby guarantee that the Bridgeport Malleable Iron Company shall receive prompt remittance for shipments of castings to the Iowa Cutlery Works at the expiration of thirty days as provided in invoices of same. [Signed] Z. L. Brewer, W. A. Hubbard." On receipt of this, plaintiff wrote: "We have yours of the 28th, with guarantee which is satisfactory." Forming part of defendant's letter of July 21st was a request to increase its order of July 8th as to one of the items thereof. And it appears that on July 28th a request was sent forward to further increase the order as to such item.

Following the acceptance of the instrument of guaranty, the order for goods of date July 8th, as subsequently increased, was filled, and this was followed by several further orders, and shipments were made in compliance therewith. In April, 1903, the defendant company became insolvent, and its affairs passed into the hands of a receiver. In the meantime payments had been made to plaintiff on account sufficient to satisfy the amount due on July 8, 1902, and to reduce the amount of the order of that date to $103.88. Nothing was paid on the subsequent bills, which

amounted to $2,648.47. Thus the total amount due plain-
tiff was $2,752.35. In its petition the plaintiff demands
judgment against the defendant company as principal debtor,
and against each of the other defendants as guarantors, for
the full amount due. The defendant Brown answered, al-
leging that the instrument of guaranty signed by him as sec-
retary and treasurer of the defendant company was rejected
by plaintiff as per its letter of July 24th, and that no goods
were ever shipped on the faith of or relying on said instru-
ment. The defendants Brewer and Hubbard answered, ad-
mitting the execution of the instruments of date respectively
July 21st and July 28th. As to the former instrument,
they plead that it was rejected. As to both instruments,
they plead that they were not continuing contacts of guar-
anty, but were given to guarantee the payment of the order
of July 8th, as increased July 21st and 28th, all of which
has been paid except the sum of $103.88. The defendant
company did not appear. The judgment entered was
against the defendant company on default for the full
amount demanded, against the defendants Brewer and Hub-
bard for the sum of $103.88, and as to the defendant Brown
the petition was dismissed. The appeal is from the judg-
ment in favor of Brown, and from the refusal to enter judg-
ment against Brewer and Hubbard for the full amount de-
manded.

I. First, as to the defendant Brown: We think the
judgment in his favor was free from error, and should be
affirmed. Whatever may be said of the legal effect of the
instrument of date of July 21st, signed by him,

1. Sales:
liability of
guarantor.

considered in the abstract, it appears clearly
enough, from the letter of plaintiff of date July
24th, that the instrument was rejected. Apparently it was
not regarded by plaintiff as carrying any personal responsi-
bility. On the contrary, Brown was thought to be liable
thereon only as an officer of the defendant company, and such
was made a ground for its refusal to accept of the instru-

ment.  Moreover, in its letter plaintiff stated specifically its requirement in the way of security, and this included no reference to Brown.  No goods were shipped until the specific requirement had been complied with, and there is no room to conclude otherwise than that shipments were made solely on faith thereof.  It is true that the instrument signed by Brown was never returned to him.  But, under the circumstances, this cannot avail plaintiff anything.  Having refused to accept of the instrument, and having thereafter maintained silence in respect thereto, it cannot now be heard to declare upon it as a binding obligation.  As it seems to us, authorities to support this conclusion are not required.

II.  The issue between plaintiff and the defendants Brewer and Hubbard is simple.  If the instrument signed by said defendants, and accepted by plaintiff, is to be taken as a continuing guaranty, then plaintiff was entitled to recover the full amount for which it demanded judgment.  If not a continuing guaranty, then the judgment as entered was right, and should be affirmed.  Now, when the procurement of credit is the object of a contract of guaranty, and the character of the contract, either limited or continuing, is not declared for in terms by the writing, it will be given construction according as the intention of the parties may be disclosed by the language employed and the circumstances under which the guaranty is given.  *Hamill Co. v. Woods,* 94 Iowa, 246 ; *Fisk & Co. v. Rickel,* 108 Iowa, 370.  As said by Waterman, J., in writing the opinion in the case last cited :  " While the contract of a guarantor is not to be extended by implication, yet, as these instruments are of frequent use in the commercial world, upon the faith of which extensive credits are given and large advances made, care should be taken to hold the party bound to the full extent of his engagement, as the same may be deduced from the language of the contract, read in the light of the surrounding circumstances."  And if, upon the whole evidence, the guaranty still remains ambigu-

2. CONTRACT OF
GUARANTY:
construction.

ous, it should be construed most strongly against the guarantor, especially where, as here, the writing was drawn by the guarantor, when it appears that the party secured has extended credit on the faith of the interpretation most favorable to his rights.   14 Am. & Eng. Ency. 1144, and cases cited in notes.

Having these rules in mind, we may go to the record for the fact situation; and, as the evidence material to be considered is practically without dispute, we shall not feel ourselves bound to accept of the conclusions reached by the trial court.   To begin with, it is evident that plaintiff was doubtful at least of the financial standing of the defendant company, and further credit was made conditioned on a guarantee of payment.   Defendants Brewer and Hubbard were officers of the defendant company and engaged in the conduct of its business — a going concern — and presumably anxious for a prosperous continuance thereof.   The character of the materials required to be purchased (castings in the rough for the manufacture of cutlery goods, as we understand), in the production of which plaintiff was specially engaged, were unusual in a sense, and not to be obtained on the open market.   The defendant company was already indebted to the plaintiff, and an extension of credit was necessary to the procurement of further materials, and to enable the company to continue its business.   In this situation, the order of July 8th was sent in, and met by the demand for security.   The instrument of date July 21st was an attempt at compliance with such demand.   It is to be noted that by the language thereof the parties signing " do hereby agree   .   .   .   and guarantee that the bills   .   .   . for work done and material furnished   .   .   .   will be paid promptly when the same come due," etc.   The reference is to *bills* as they *come* due, and not to a bill as it comes due.   It will be observed, also, that the agreement is not limited as to time or amount.   It is true that such instrument was not signed by Hubbard, but it appears that he

had full knowledge in respect of the situation, and of what was done. The instrument was rejected by plaintiff because it was considered to be no more than the obligation of the defendant company. Coming now to the instrument of date July 28th, it is also without limit as to time or amount. And the reference is to " shipments of castings . . . as provided in invoices of same." This is the record the parties have made, and therefrom we are to determine what were their intentions. That the plaintiff understood the contract of guaranty to be a continuing one is manifest from the fact that it accepted and filled each order subsequent to the order of July 8th without question. On the other hand, the condition and necessities of the business of the defendant company, the interests, present and prospective, of the appealing defendants therein, the phraseology selected in drafting the instrument, and the subsequent conduct as made to appear, all tend to the conclusion that said defendants understood that by their contract they had not only become personally responsible in respect of a single order for materials, but that they had accomplished something more; they had established for their company a credit standing which would enable it to secure acceptance of such future orders, the limitation upon which was in their own hands, as it might send in.

Counsel for appellees, to rebut this conclusion and in contending for a limited guaranty, argue with much zeal that the plural form of words used in the instrument of July 28th should be accepted as having reference only to the installment shipments and invoices made under the order of July 8th as increased. And such was the basis upon which the trial court planted its judgment. Considered apart from the other circumstances of the case, the argument is not without force. But in its last analysis the question, as we have seen, is one of intention, and this requires us to consider the course of dealing between the parties; the rejected instrument, and the letter accompanying it, as well as the ac-

cepted instrument, and all the other facts and circumstances appearing. If doubt should arise upon consideration of the argument of counsel, we should have no hesitancy in solving it in favor of plaintiff, in view of the fact that in faith of Brewer and Hubbard being bound — and this within their knowledge, as we think — it continued to furnish in large quantities, upon orders dictated by them, to a company whose affairs were under their domination and control, and which company was already in the throes of insolvency. Our conclusion is that the contract of the defendants Brewer and Hubbard was of a continuing guaranty, and, accordingly, that judgment should have gone against them for the full amount demanded. The cases on the subject are in more or less confusion, and we shall not take space to discuss them. The following lend support to our conclusion: *Bank v. Peck,* 28 Vt. 200 (65 Am. Dec. 234); *Menard v. Scudder,* 7 La. Ann. 385 (56 Am. Dec. 610); *Hotchkiss v. Barnes,* 34 Conn. 27 (91 Am. Dec. 713); *Mathews v. Phelps,* 61 Mich. 327 (28 N. W. 108, 1 Am. St. Rep. 581); *Lehigh Co. v. Scallen,* 61 Minn. 63 (63 N. W. 245); *Sewing Machine Co. v. Winchel,* 107 Ind. 260 (7 N. E. 881); 1 Brandt, Sur. section 156.

From what has been said, it follows that the judgment in favor of defendant Brown must be, and it is, affirmed. As to defendants Brewer and Hubbard, the judgment in favor of plaintiff is reversed, and the cause is remanded for further proceedings in harmony with this opinion.—*Affirmed in part. Reversed in part.*