WEST BRANCH STATE BANK, Appellant, v. FARMERS UNION EXCHANGE et al., Appellees.

No. 43264.

June 19, 1936.

Wilson, Clearman & Brant, and Messer & Nolan, for appellant.

Henry Negus, and Dutcher, Walker & Ries, for appellees.

ALBERT, J.—In the early part of the year 1919, there was organized under the laws of the state of Iowa, a corporation by the name of the Farmers Union Exchange, at Oasis, Iowa. The object of this corporation was to, and it did, engage in the mercantile business at said town. As a corporation it was not a success. At its inception it commenced to borrow money from the plaintiff, appellant herein. By February 1921, it was indebted to the plaintiff bank in a sum in the neighborhood of $11,000, and the bank was demanding security. On the 16th of February of that year the following writing was made:

"For value received, we, the undersigned, jointly and severally hereby guarantee payment to the West Branch State Bank, of West Branch, Iowa, at its banking house in West Branch, Iowa, at maturity, all notes and obligations of the Oasis Farmers Union Exchange, together with interest on said notes and obligations, together with all costs and expenses, including attorney's fees which said West Branch State Bank, of West Branch, Iowa, may incur in any action, or actions, brought by it to enforce this contract of guarantee or collections thereunder. And, we further waive all demand, notice and protest upon or to us of or on any note or obligations covered by this guarantee. This guarantee shall remain in full force and binding upon the undersigned

until any and all indebtedness or liability hereby secured shall be fully paid.''

This was signed by each of the defendants herein, all of whom were stockholders in the corporation.

The amount of indebtedness to the plaintiff bank at the time this guaranty was signed was represented by outstanding promissory notes of the defendant corporation. The notes then existing and the notes subsequently made were renewed from time to time, resulting in the notes set out in the plaintiff's petition.

The Farmers Union Exchange confessed judgment for the amount claimed in the plaintiff's petition. The defense of the individual defendants, as stated by appellees in their brief and argument, is: ''Admission of the execution of the guaranty contract. Plea that the contract guaranteed only obligations of the Farmers Union Exchange which were in existence on the date the contract of guaranty was executed, to wit, February 16, 1921.''

The case was tried to a jury, which returned a verdict in favor of the defendants. Hence this appeal.

It is apparent that one of the crucial questions in the case is, What is the rule governing contracts of guaranty under the circumstances of the present case? The contention of the plaintiff is that the guaranty is an unambiguous contract, and that it covers all loans made at different times by the bank to the exchange corporation. As stated, the contention of the defendants is that the contract covered only the indebtedness due on the 16th of February 1921, and that the individual defendants are not liable under this guaranty for any money loaned to the defendant corporation after that date. They also make the contention that after that date the exchange corporation paid enough to the plaintiff bank to cover the indebtedness that existed on that date, and that therefore they owe nothing under the guaranty. This is a general statement of the respective contentions.

**█▌█** It is apparent, on reading the guaranty heretofore set out, that, while it creates an absolute liability on the part of the signers, it is indefinite and uncertain as to the very question under contention herein. With this uncertainty some questions arise. One of the controlling questions is as to what the intent of the parties was at the time of the execution of this guaranty.

We have settled the question under such circumstances in substantially this language: The intention of the parties shall be determined in the light of the surrounding circumstances and the conduct of the parties. Tucker v. Leise, 201 Iowa 48, 206 N. W. 258; Harmon v. Hartman, 178 Iowa 912, 160 N. W. 295; Rapp v. Linebarger & Son, 149 Iowa 429, 128 N. W. 555; Bridgeport Malleable Iron Co. v. Iowa Cutlery Works, 130 Iowa 736, 107 N. W. 937; Fisk & Co. v. Rickel, 108 Iowa 370, 79 N. W. 120; Campbell Banking Co. v. Worman, 99 Iowa 671, 68 N. W. 912; Hamill Co. v. Wood, 94 Iowa 246, 62 N. W. 735.

At this point arises one of the errors relied on, in that the defendants were permitted to show that after the 16th of February, 1921, the plaintiff was asking for new or further guaranty; and, among other things, the defendants introduced in evidence, over objection, an unsigned guaranty which the plaintiff had prepared. We think, in the light of the above rule, that this was properly admitted as showing the conduct of the plaintiff after the date of the signing of the guaranty.

■■ We have also distinguished in this state between an accommodation guaranty and a guaranty signed by a party in interest. In Valley National Bank v. Cownie, 164 Iowa 421, 424, 145 N. W. 904, 905, Mr. Justice Evans said:

"The contract is something more than a contract of mere guaranty; it is signed by the stockholders of the borrowing corporation. * * * The borrowing was for the benefit of the guarantors as the owners of the borrowing corporation. * * * Because of their beneficial interest in the contract, these signers were not 'favorites of the law' in the ordinary sense of guarantor or surety. Not only were they beneficially interested, but they were the only persons to be benefited by the loan. The corporation was their own artificial creation, organized for their own profit. As between themselves and their corporation, the corporation was the principal, and each signing stockholder was severally guarantor of a limited amount, which was proportionate to his interest. But, as between them and the loaning bank they severally made themselves to such extent absolutely liable as principals; and there is no principle of law which entitles them to more commiseration from the court than should be extended to any other debtor. Their undertaking was based upon a beneficial consideration coextensive with their liability."

In Bankers Trust Co. v. Beinhauer, 211 Iowa 112, 115, 233 N. W. 34, 35, we said:

"No doubt the borrowing was for the benefit of the corporation. Generally speaking, the stockholders of a corporation are benefited by money loaned the institution. When that is the case, it may be said, under proper circumstances, that the 'borrowing was for the benefit of such stockholders who became guarantors on the instrument by which the loan was effected.'" Citing, Hills Sav. Bank v. Hirt, 204 Iowa 940, 216 N. W. 281; Farmers State Bank of Strahan v. Fisher, 204 Iowa 1049, 216 N. W. 709.

It is apparent, therefore, under the circumstances, that the defendants do not fall within the rule that a guarantor is a favorite of the law; but that their liability should be determined under the general rule for the construction of ordinary contracts, to wit, "in the light of the surrounding facts and circumstances and the conduct of the parties." Hence, the court did not err in permitting the proof of the surrounding facts and circumstances and the conduct of the parties, including the unsigned guaranty.

This also disposes of the question of certain correspondence between the bank and the defendants, which we think was admissible under this rule.

■■■ The plaintiff complains of the restriction of the cross-examination of the witness E. O. Knick, one of the defendants. In the sustaining of the objection to further cross-examination the court erred. Plaintiff made an offer to prove on said cross-examination certain matters which were material and went to the weight of the testimony as to what the intentions were at the time the writing was signed.

■■■ Objection is made to the argument of one of the attorneys for the defendants, wherein he referred to the judgment having been entered against the Farmers Union Exchange. Under the circumstances set out in the record, we do not think the court abused its discretion in its ruling. However, by instruction No. 6 given, the court told the jury, after having referred to the confession of judgment by the Farmers Union Exchange: "* * * you will give no consideration whatever to plaintiff's cause of action as against the defendant, Farmers Union Exchange, and will consider the case only as to the liability, if any,

of the defendants (naming them)." We think this sufficiently protected the record against this complaint.

**■■■** Complaint is also made that the court required the jury to remain together for a period of approximately forty-six hours, including two nights, so that the verdict was not the free and voluntary action of the jury, etc. This question involves the discretion of the court in determining what length of time the jury should be kept out. Section 11500 of the Code provides:

"The jury may be discharged by the court * * * after they have been kept together until it satisfactorily appears that there is no probability of their agreeing."

This leaves the court as the arbiter of the length of time the jury should be kept together, and to reverse on said ground would necessitate a finding that the court abused the discretion given by said section of the statute. We do not think that the court abused this discretion, under the circumstances. See Armstrong v. James & Co., 155 Iowa 562, 136 N. W. 686. The case of Clemens v. Railway Co., 163 Iowa 499, 144 N. W. 354, relied upon by the plaintiff, has no application, because the reversal in that case was based upon erroneous instructions given to the jury.

**■■■** Plaintiff also asked five instructions, all of which went to the question of inferences to be drawn by reason of the failure of all the defendants except Knick to testify in this cause, under the general rule that where a party is in possession of evidence material to the issue involved and on trial, and fails to produce such evidence on trial, an inference of fact arises that such evidence is against such party's contentions, and authorizing the jury to take into consideration such inference in the light of the record in this case.

The court was asked to give an instruction that the failure of a party to testify to facts that are wholly within his knowledge raises an inference that if he did testify the testimony would be to his disadvantage. We think that this instruction has no application to the situation we have before us.

The further question is raised as against the instructions that the notes now sued on were not in existence at the time the contract of guaranty was made. We do not think this is a material issue, because the notes sued on are shown to be renewals of the notes that formerly existed, and the contract of guaranty

recited that: "This guarantee shall remain in full force and binding upon the undersigned until any and all indebtedness or liability hereby secured shall be fully paid." It is therefore immaterial whether the notes are renewal notes or not, so long as they represent outstanding obligations and liabilities.

Some further objection is made to certain instructions, but what has been heretofore said will guide the court in a retrial of the case as to what the instructions should contain.

Another issue in the case was the one involving the contention that the defendants, if liable, were liable only for the indebtedness which existed on the 16th day of February 1921, when the guaranty was made.

Some other questions are raised in the case that are not likely to arise on a retrial, but for the errors pointed out the case is reversed.—Reversed.

DONEGAN, C. J., and KINTZINGER, PARSONS, HAMILTON, and STIGER, JJ., concur.