NEW-YORK
May, 1811.

ROGERS
v.
WARNER.

Motion denied.

———◆———

ROGERS and LAMBERT *against* WARNER and BOSTWICK.

THIS was an action of *assumpsit*. At the trial, the plaintiff gave in evidence the following writing, signed by the defendants: " Messrs. *Rogers & Lambert*, if *Elias Warner* and *D. W. Bostwick*, our sons, wish to take goods of you on credit, we are willing to lend our names as security for any amount they may wish. *Canaan, May* 3, 1804." After the delivery of this letter of credit to the plaintiffs, the persons in whose favour it was written, took goods of the plaintiffs, several times, on credit, for which they paid, from time to time, and for which no notes were given. In *December*, 1805, they took another parcel of goods, for which they gave their note, on which a balance remained due to the plaintiffs of 267 dollars and 94 cents. A verdict was taken for the plaintiffs, subject to the opinion of the court, on the single question, whether the defendants were liable for that sum, on the letter of credit.

*H. Bleecker*, for the plaintiffs, cited *Hutchinson* v. *Bell,* (1 *Taunton's Rep.* 558.)

*E. Williams*, contra.

*A. & B.* addressed a letter of credit to *C.*, saying, " If *D.* wishes to take goods of you on credit, we are willing to lend our names as security for any amount he may wish. *May 3, 1804." D.* took goods of *E* on credit several times, for which he paid ; and in *December*, 1805, took another parcel of goods on credit, for which he gave his note to *C.*, which was not paid. In an action brought by *C.* against *A. & B.* it was held that the letter of credit did not extend beyond the first parcel of goods delivered to *D.*, and that *A. & B.* were not liable for an indefinite time, but only to an indefinite amount, for one time.

NEW-YORK,    *Per Curiam.*  The true construction of the letter of
May, 1811.  credit is, that it is to be confined to the first parcel of
TEN EYCK    goods.  It would be unjust and unreasonable to extend
v.
VANDERPOEL  it to an indefinite credit for an indefinite time.  The
plaintiffs did not, probably, understand it so; for after
goods had been, at several times, taken up on credit and
paid for, they took a note for the last parcel, which was
above a year and a half after the first transaction.  This
is a very different case from that of *Hutchinson* v. *Bell*,
(1 *Taunton*, 558.) for that was a case of a fraudulent re-
presentation, and the defendant there was held to be lia-
ble only within a reasonable time.  Here the letter of
credit was given in good faith.  It must have been in-
tended as an introduction for their sons to business and
credit.  The natural inference is, that a continuing cre-
dit was to depend on the future conduct of the sons.
The letter gave an unlimited credit as to *amount.*  Here
it was explicit, but was silent as to the continuance of
the credit to future sales.  *Expressio unius est exclusio
alterius.*  Judgment ought to be given for the defend-
ants.

Judgment for the defendants.