## WHITNEY & SCHUYLER *vs.* GROOT.

A *guarranty* addressed to a mercantile firm in these words : " We consider Mr. J. V. E. good for all he may want of you, and we will indemnify the same," is a valid instrument binding upon the guarantors, who are not entitled to *notice* of the *acceptance* of the guaranty of the *sale and delivery* of goods under it to the principal.

Such a guaranty, however, is not a *continuing guaranty ;* the party making it is liable for the amount only of such goods as were obtained on its first presentation, and not for those subsequently obtained, and the first payments made by the principal must be applied towards satisfaction of the charge for which the surety is responsible.

THIS was an action of *assumpsit* on a *guarranty,* dated 8th November, 1836, in these words : " Messrs. Whitney & Schuyler, Gentlemen : We consider Mr. James L. Van Eps good for all he may want of you, (and we will sell him all he reasonably ask of us on credit,) and we will indemnify the same." Signed, " Sanders & Groot." The defendant was a member of the firm of *Sanders & Groot,* the plaintiffs were wholesale grocery dealers in the city of Albany, and Van Eps was a grocer in the city Schenectady. On the day of the date of the guaranty, Van Eps purchased goods of the plaintiffs, upon the strength of the guaranty to the amount of $197,12; a few days thereafter he made another purchase to the amount of $23,59,

in January to the amount of about $124, and in March and April two far-
ther purchases were made amounting in the whole to $338,19 ; all
[ *83 ]   *the sales being at a credit of four months.   In January, 1837,
Van Eps paid the plaintiffs $50, and a like sum in March.   In
August, 1837, the plaintiffs commenced a suit against Van Eps, recovered
a judgment for the goods sold to him, and issued an execution which was re-
turned *nulla bona*.   The plaintiffs then commenced this suit, and in the *first
count* of their declaration alleged that in consideration that they would sell
and deliver to Van Eps on credit, all such goods as he should want and
have oacasion for and require of them in their business as merchant grocers,
the defendant undertook and promised the plaintiffs to indemnify them for
whatever goods they should sell and deliver to Van Eps.   They then aver
that they accordingly sold and delivered goods to Van Eps to a large value,
to wit, &c. on credit, and that though the time of payment had elapsed, he
had neglected to pay them, of which the defendant had notice ; and con-
clude by alleging that the defendant had not indemnified them, and that the
debt contracted by Van Eps remains due and unpaid.   There were three
other special counts, and also the common money counts.   The defendant
pleaded the general issue.   The cause was heard by a *referee*, and on the above
facts being shown, the plaintiffs rested.   The counsel for the defendants there-
upon insisted : 1. That the instrument produced was not a valid guaranty with-
in either of the counts of the declaration ;   2.  That the plaintiffs were not enti-
tled to recover, because notice of the acceptance of the guaranty and of the sale
of the goods had not been given to the defendant ;   3. That the instrument sign-
ed by the defendant, if a guaranty, was not a *continuing guaranty ;* that the
defendant, if responsible under it, was responsible only for the first parcel of
goods purchased by Van Eps, and the payments made by him to the plain-
tiffs should be applied towards payment of that parcel   The referee report-
ed in favor of the plaintiffs for the sum of $321,79.   The defendant moved
to set aside the report.

*M. T. Reynolds,* for the defendant.

*S. Stevens,* for the plaintiffs.

[ *84 ]    *By the Court,* NELSON, Ch. J.  1.  The instrument is certainly
imperfect and obscure ;  and it is surprising  business men should
have parted with their goods upon the strength of it, before explanation.   I
am inclined, however, to think we  are bound  to understand the effect of it
to be as an indemnity to the plaintiffs for the goods they  should  deliver  to
Van Eps.   The intervening terms as to credit to be  extended  by Sanders
& Groot ought to be read as included in a parenthesis ;  upon  any  other

view the instrument is unmeaning. It was therefore admissible under the first count, and perhaps under others.

2. The instrument did not contemplate any notice of acceptance, or of the sales to the defendant made in pursuance of it ; it was not a proposition to become surety for Van Eps, but an absolute undertaking to pay for the goods if he did not, and obviously contemplated a sale and delivery on presentation. Unless there is something in the nature of the contract or terms of the writing creating or implying the necessity of acceptance or notice as. a condition of liability, neither are deemed requisite. 2 *Hall's R.* 197, 12 *Mass. R.* 156, and such is believed to be the rule of the English courts. The party entering into an absolute engagement for the responsibility of his friend should see to the performance of it ; the relation in which the parties afterwards stand to each other presupposes privity and knowledge of the credit obtained.

3. It is, in most of these cases, a nice and difficult question to determine, whether the guaranty is a continuing one or not. The intent of the party to be derived from the words is the only sure guide ; and therefore very little aid is to be derived from the adjudged cases, as they turn upon the peculiar phraseology of the guaranty. Upon general principles a strict interpretation should be applied in favor of a surety. I cannot say the credit was to be extended beyond the first parcel of goods. " All he [Van Eps] may want of you," does not necessarily extend beyond this—it may fairly intend all he may want at the time. Ordinarily the instruments that have been held to be continuing guaranties limited the *amount* of the credit which greatly diminished the *responsibility. In the case of *Rog-* [ *85 ] *ers* v. *Warner*, 8 *Johns. R.* 119, the words, I think, were broader than in the writing before us ; yet it was held that the defendant was not liable for an indefinite time, but only to an indefinite amount for one time. So here.

The report, therefore, should have been for $109,09, instead of $321, 79 ; and must be modified accordingly.