Bushnell v. Bishop Hill Colony.

---

LEONARD BUSHNELL, Appellant, *v.* THE BISHOP HILL COLONY, Appellee.

APPEAL FROM HENRY.

Two days notice to an attorney, to produce a letter, which is not in his possession, but which is probably in the State of New York, is not sufficient to authorize parol proof as to its contents.

A father is not liable for debts contracted by a son, although a minor, who is

carrying on a farm on his own account, his mother keeping house for him; if the son procured the goods on his own credit, he alone is responsible.

A mere request by one person that credit should be given to another, does not create a legal liability; there must be either a guarantee of the debt, or a misrepresentation as to the responsibility of the person to whom the goods are sold, before a liability exists.

THIS is an action of assumpsit by appellee, for the use of Claudius Jones, George A. Morse, Olof Johnson and Wheeler B. Sweet, receivers, etc., and originally commenced by attachment to the March term of the Henry Circuit Court.

Declaration. First count, on account stated November 13, 1857, for $118.46. Second count, on account stated November 26, 1857, for $20. Third count, on account stated April 14, 1858, for $110.03. Fourth count, on account stated May 11, 1858, for $17.83. Sixth count, as follows : And for that whereas one Samuel H. Bushnell, before and at the time of the making of the promise and undertaking of the said defendant hereinafter next mentioned, was indebted to the said plaintiff in a certain sum of money, to wit, five hundred dollars of lawful money of the United States, to wit, at Henry county aforesaid, and thereupon heretofore, to wit, on the 26th day of January, A. D. 1859, in consideration of the premises, and of natural love and affection for the said Samuel H. Bushnell, his son, he, the said defendant, undertook, and then and there promised the said plaintiff to pay him the said last mentioned sum of $500, when he, the said defendant, should be thereunto afterwards requested.

Common counts.

Demurrer to fifth and sixth counts of declaration, and judgment of court sustaining the demurrer to fifth count, and overruling it as to the sixth count.

Pleas. 1st, general issue; 2nd, no consideration; 3rd, statute of frauds.

Replications and joinder.

There was a trial, verdict, motion for new trial, judgment overruling motion, and final judgment on verdict for appellee, for $339.39.

A witness was called by plaintiff below, who testified in substance as follows:

I received a letter from defendant in the fall of 1858; left it at defendant's house, two and a half miles south-east of Bishop Hill, in this county, with defendant's wife, who lived there at the time.

The counsel for the defendant then admitted that notice to produce the letter was served on him June 12, 1861, at 10 o'clock A. M., (the trial was on the 13th of June.)

The plaintiff then admitted that said letter was not in possession of defendant's attorney, and never had been, and that defendant with his family now resides in the eastern part of the State of New York. (But where the letter now is, or whether it has been since left at defendant's house in this county, was not shown or admitted.) The plaintiff then further admitted that the letter, if in New York, could not have been got here since the notice, as there were no means of getting it in so short a time, and there was no evidence to show where the letter was.

H. BIGELOW, for Appellant.

The contents of the letter from appellant to Ira Husted were improperly allowed to be proven. The letter was not such an instrument as the appellant was bound to take notice would be wanted on the trial, as the declaration did not count upon it, and the action was not to recover its value. 1 Greenl. on Ev. 669; 1 Stark. on Ev. 403.

The debt was a debt of a third person, and no note or memorandum for the payment of it was in writing, as required by the statute. The letter to Ira Husted, by appellant, is not sufficient to take the case out of the statute, as he is not proven to be the agent of, or in anywise connected with the appellee. The whole credit was given to Samuel H. Bushnell, and to Bushnell and Sanborn, and therefore the promise, if any was made, was collateral and directly within the statute. *Babcock et al.* v. *Bryant,* 12. Pick. 133; *Everett* v. *Morrison,* Breese, 79; *Scott* v. *Thomas,* 1 Scam. 59; *Hite* v. *Wells,* 17 Ill. 88.

The instructions for appellee tended to mislead the jury, and the fifth instruction is not the law upon the subject

intended to be embraced in it. *Kennedy's Executors* v. *Ware*, 1 Barr. 450.

J. I. BENNETT, for Appellee.

CATON, C. J. This action was brought to recover the value of goods furnished to Samuel H. Bushnell, a son of the defendant. On the trial, Mr. Husted testified, that in 1858 he received a letter from the defendant, which he left with the defendant's wife, at the house where she then lived, a few miles from the court house. Since then, the defendant and his wife had removed to New York, where he was at the time of the trial. A notice was served upon the defendant's attorney to produce the letter, a day or two before the trial. It was admitted that the attorney had not the letter in his possession, and that there had not been time, since the notice, to have got the letter from New York. On this state of case, the court allowed the plaintiff to prove the contents of the letter. In this there was clearly error. The presumption is, that the letter was still in the possession of the defendant's wife, or in his possession. In all probability, they took it to New York with them, with their other papers, when they removed. The notice to produce the letter should have given the defendant a reasonable time for that purpose.

There is hardly one of the thirteen instructions given for the plaintiff that is not erroneous; most of them, however, repeating the same principle as expressed by two or three. We shall notice but two particularly. The first is this: " 1st. If the jury believe, from the evidence, that the defendant, while living in New York, purchased a farm in Henry county, Illinois, and came out with his wife and minor son Samuel, to said county, and then returned to New York, leaving his wife and son Samuel to improve and cultivate and conduct the farm, and that the son in so doing became indebted to the plaintiff for goods, wares or merchandize necessary for the maintenance of the son, or in the management of the farm, the law holds the defendant liable to the plaintiff therefor." This instruction holds the defendant liable, although the son was carrying on the farm on his own account and his

mother keeping house for him, as he swore was the case. Such is not the law. If the young man was carrying on the farm on his own account and procured the goods on his own credit, he alone is responsible. The fourth instruction was this: "4th. If the jury believe that the defendant requested Jacob Jacobson and Swan Swanson, or either of them, as trustees of Bishop Hill Colony, to accommodate the defendant's son Samuel with credit for such goods as he might need, and the plaintiff, acting upon such request, did sell to him goods upon credit, and charge the same to defendant or Samuel, the defendant is legally liable to pay the plaintiff for the value of the goods so furnished, whether they were all necessaries or not." The principle here asserted is as erroneous as the other. A mere request by one to give credit to another, does not create a legal liability to pay the debt. There must be a guarantee of the debt or a misrepresentation of the responsibility of the person to whom the credit is given, in order to create a liability by a third person.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*