## Joseph Gard v. James E. Stevens.

*Guaranty, when continuing.*—The following was held not to be a continuing guaranty, but to be limited to a single purchase or transaction: "St. Joseph, Sept. 18th, 1858. Joseph Gard, Dear Sir: If you will let the bearer have what leather he wants, and charge the same to himself, I will see that you have your pay in a reasonable length of time. J. E. Stevens."

*Guaranty : application of payments.*—Held further, that the first moneys afterwards received by the creditor on the debtor's general account, should be applied in payment of the leather sold on the guaranty.

*Practice : Cases made.*—Where a case is made after judgment in the Circuit Court for a review on both the law and the facts, it is presumed to contain all of the evidence, unless there is something on the face of the case itself indicating the contrary.

*Heard April 6th, and 7th. Decided April 19th.*

GARD v. STEVENS.

Case made after judgment, from Berrien Circuit. The facts sufficiently appear by the opinion.

*C. I. Walker*, for plaintiff:

1. The case does not show that *all* the evidence that was given on the trial is embodied therein, and this must be affirmatively shown, or no questions of fact can be considered:—*King v. Moore*, 10 *Mich.* 544; *Gaines v. Betts*, 2 *Doug.* 100.

2. As to the proper rules, applicable to the interpretation of guaranties, courts have greatly differed. The decisions may, perhaps, be classified as follows:

1st. Those that hold that guaranties are to be construed with great strictness, and in favor of the guarantor, the contract being to pay the debt of another, and not his own:— 2 *Pars. on Cont.* 21, *note*; 1 *Cromp. & Mees.* 48; 3 *B. & Ald.* 593.

2d. Those that hold that, inasmuch as guaranties are usually in the words selected by the guarantor, upon which the creditor has acted, they are to be taken as strongly against the guarantor as the words will admit: —12 *East*, 227; 6 *M. & W.* 606; 12 *Wheat.* 518; 7 *Pet.* 122; 5 *Conn.* 151.

3d. Those that hold that that effect shall be given to the instrument, which will best accord with the intention of the parties, as manifested by its terms, taken in connection with the subject matter and the surrounding circumstances, neither enlarging the words beyond their natural import to favor the creditor, nor restricting them to aid the guarantor:— 2 *Pars. on Cont.* 21, *note*; 22 *Pick.* 228; 17 *Wend.* 424; 24 *Me.* 64; 3 *Kern.* 232.

We think this last the better rule. Still the application of it is not without its difficulties, for often a guaranty is so ambiguously worded that it is capable of two fair interpretations. In such case the rule is well expressed

by Judge Story, that, where the creditor has advanced his money on the faith of the interpretation most favorable to his rights, that interpretation will prevail in his avor; for it does not lie in the mouth of the guarantor to say that he may, without peril, scatter ambiguous words, by which the other party is misled to his injury: —2 *How.* 450; 2 *Camp.* 413; 1 *Pars. on Cont.* 508, *note.*

Applying these two last rules of interpretation to this contract as viewed in the light of surrounding circumstances, we think there can be no question as to its proper construction.

It is quite clear, that if there had been a limitation as to the amount for which the defendant became guarantor, this would, under the authorities, be held a continuing guaranty. In other words, leather might have been delivered thereon from time to time: — 1 *Pars. on Cont.* 508, *notes*; 3 *Camp.* 220; 12 *East,* 227; 5 *Conn.* 149.

There are two cases, which, if law, seem to establish the position that where the guaranty is unlimited as to amount, it will be construed as limited in its effect to a single transaction: — *Rogers v. Warner,* 8 *Johns.* 119; *Whitney v. Groot,* 24 *Wend.* 84.

The case of Rogers v. Warner was well decided upon another ground. It was a "*Per Curiam*" decision, and seems to have been little considered.

Whitney v. Groot followed that decision, but the Chief Justice especially relied upon the vicious rule of strict construction as applicable to guaranties.

The reasoning suggested, rather than adopted, in the 8 Johns., that because the guaranty is unlimited in *amount,* it is *therefore* to be limited to a *single* transaction, is too absurd to need refutation. The guarantor, by such an unlimited guaranty, expresses the highest possible confidence in the person whose debt or purchases he thus guarantees. And that unlimited confidence, would, of

GARD v. STEVENS.

itself, lead the creditor to give a liberal interpretation to the instrument.

These cases in New York seem to stand alone, and are at variance with Allen v. Pike, 3 Cush. 238, and with all proper rules of interpretation.

*G. V. N. Lothrop* for defendant:

The guaranty was not continuous. It was terminated with the first delivery: — *Rogers v. Warner*, 8 *Johns*, 119; *Whitney v. Groot*, 24 *Wend.* 84; *Fellows v. Prentiss*, 3 *Denio*, 512; *White v. Reed*, 15 *Conn.* 457; *Cremer v. Higginson*, 1 *Mason*, 323.

Courts have differed widely as to the rules of construction to be applied to guaranties. Which of these rules is best sustained, either by reason or authority, seems immaterial in this case. By no fair construction, I think, can an intention be deduced that Stevens intended to have a running account opened. There are no words which indicate that new credits were to be given from time to time. The natural and obvious meaning is, "Give Gates what he now wants, and I will pay you if he don't."

If the guaranty was not continuous, then Stevens was liable only for the first purchase. This was paid; for the payments made by Gates exceed the amount of the first purchase, and the law will apply these payments to extinguish the first items of the account, especially in favor of a surety: — 2 *Pars. on Cont.* 145; 1 *Am. Lead. Cases*, 298–9; 10 *Conn.* 183.

MANNING J.:

The action is assumpsit for the price of leather sold to one Gates, on the following guaranty:

"ST. JOSEPH, Sept. 18, 1858.

JOSEPH GARD, *Dear Sir:*

If you will let the bearer have what leather he wants,

GARD v. STEVENS.

and charge the same to himself, I will see that you have your pay in a reasonable length of time. Yours, &c.,

J. E. Stevens."

As plaintiff sold leather to Gates at several different times, and for different amounts, the first question is whether the guaranty is limited as to time. We think it limited to a single purchase or transaction. We must hold this, or that it is unlimited both as to time and amount. Every person is supposed to have some regard to his own interest; and it is not reasonable to presume any man of ordinary prudence would become surety for another without limitation as to time or amount, unless he has done so in express terms, or by clear implication. If the guaranty was limited in express terms, either as to time or amount, but not as to both, it might be said it was the intention of the guarantor to leave it open as to the other, or that a further limitation could not be implied. But where it contains no express limitation as to either, and there is nothing in the instrument itself from which it can be inferred that it was the intention of the guarantor to leave it open as to both, we think it must be understood as referring to a single transaction. The case of *Rogers v. Warner*, 8 *Johns.* 119, and *Whitney v. Groot*, 24 *Wend.* 81, we think are correct in principle, and not in conflict with any of the cases cited on the argument by plaintiff's counsel.

We are further of opinion that the first moneys afterwards received by plaintiff on Gates's general account should be applied in payment of the leather sold on the guaranty.

It was objected on [the argument that it does not appear from the case that it contains all the evidence. That is, as we understand the objection, that it is not so stated in the case itself. It is not necessary that it should be. When a case is made for review of both law and facts, it is presumed to contain all of the evidence, unless

GARD v. STEVENS.

there is something on the face of the case itself indicating the contrary.

The judgment below must be reversed, and a judgment be entered for defendant, with the costs of both Courts.

MARTIN CH. J. and CAMPBELL J. concurred.

CHRISTIANCY J. did not sit in this case.