[No. 14732.    Department One. — August 6, 1892.]

U. D. SWITZER, APPELLANT, *v.* A. F. BAKER, RE-
'SPONDENT.

GUARANTY — ASSURANCE BY LESSOR TO EMPLOYEE OF LESSEE. — A letter
    from the lessor of land to a party contemplating the rendition of services
    to the lessee, telling him to rest assured that he would get his pay for
    all work done, written in response to an inquiry from the party contem-
    plating the services as to whether he would be paid for his work, does
    not amount to a guaranty.

ID. — AGREEMENT TO PAY DEBT OF ANOTHER — AMBIGUOUS LANGUAGE. —
    An agreement to pay the debt of another cannot be inferred from doubt-
    ful language, which, although it might be capable of being construed as
    a guaranty, does not exclude an inference equally reasonable that it was
    only intended to express confidence in the financial ability and integrity
    of the debtor.

APPEAL from a judgment of the Superior Court of Tulare County.

The facts are stated in the opinion.

*N. O. Bradley*, for Appellant.

The letter written by the defendant amounted to a guaranty. (*Morse* v. *Holt*, 10 Gratt. 284; *Birdsall* v. *Heacock*, 32 Ohio St. 177; 30 Am. Rep. 572.)

*George B. Graham*, for Respondent.

The letter did not constitute a contract of guaranty. (Civ. Code, sec. 2787.)

Temple, C. — This appeal is from a judgment upon demurrer, plaintiff declining to amend.

The action is to recover value of services for harvesting a crop of grain; and it is averred that defendant owned the land upon which the grain was raised, and had leased it to one Traver, who cultivated and put in the grain; that defendant owned an interest in the crop.

The complaint then proceeds as follows: "That on or about the ninth day of June, 1889, said A. Traver spoke to this plaintiff about heading said crop of grain, and plaintiff, being unacquainted with said Traver, and not knowing anything about his financial standing, wrote to said defendant, in effect, that said Traver desired this plaintiff to head said crop of grain, and inquiring of defendant as to whether he, plaintiff, would be paid for his work if he cut said grain, and thereupon, in due course of mail, plaintiff received an answer from defendant, of which the following is a true copy: —

"'Fresno, Cal., June 17, 1889.

"'Mr. Dan Switzer: Your letter received to-day. You may rest assured that you will get your pay for all work done. .          Yours truly,          A. F. Baker.'"

It is also charged that the labor was reasonably worth the sum of $900, $250 of which was paid by defendant, leaving still unpaid $650; that Traver was at the time, and ever since has been, wholly insolvent.

The demurrer is general, on the ground that the complaint does not state facts sufficient to constitute a cause of action.'

The plaintiff must base his claim solely upon the proposition that Baker's letter in reply to his inquiries amounted to a guaranty. Whether it does or not must depend upon the contents of the letter to which it was a response. That letter is not given even in substance, but in effect is said to be that, uncertain of Traver's financial standing, he wrote, informing defendant that Traver desired him to cut the grain, and inquiring as to "whether he, plaintiff, would be paid for his work if he cut said

grain." The reply was simply a very positive assurance that he would get his pay.

The suit assumes a contract on the part of defendant to pay, — to become responsible for Traver's liability. There is here, however, only an assurance that if he worked for Traver he would get his pay; and this, in response to inquiries in regard to Traver's financial standing. Any one who has full confidence in the financial ability and the integrity of Traver would have answered in the same way.

Even if the language used be capable of a different construction, still it does not exclude the inference above. drawn, which is at least equally reasonable. We cannot infer an agreement to pay the debt of another from such doubtful language. It was incumbent upon the pleader to make out his case affirmatively, and we must assume that he has stated the facts as favorably as possible.

We advise an affirmance of the judgment.

BELCHER, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, the judgment is affirmed.

PATERSON, J., HARRISON, J., GAROUTTE, J.