(32 Misc. Rep. 309.)

### CROOKS et al. v. PROPP.

(Supreme Court, Special Term, Franklin County. July, 1900.)

1. GUARANTY—LETTER—CONSTRUCTION.

Where defendant wrote plaintiff that S. desired to purchase a full line of groceries, and that defendant recommended him to plaintiff, and stated that S. and R., who were about to form a partnership, were perfectly reliable, and would pay as their bills matured, such letter did not amount to a guaranty of the account either of S. or the firm, which they subsequently opened with plaintiff.

2. SAME.

Though the letter should be held to import a guaranty, it could not be construed as a continuing one, but to apply only to the first bill purchased; and, payments having been made exceeding the amount thereof, plaintiff was not entitled to recover in any event thereon.

3. SAME.

Where a letter did not in fact amount to a contract of guaranty, that plaintiff relied thereon as guarantying purchases by a customer introduced thereby did not render the writer liable as a guarantor.

Action by George W. Crooks and others on a contract of guaranty against Betsey R. Propp. Complaint dismissed.

Badger & Cantwell, for plaintiffs.

W. J. Mears, for defendant.

HOUGHTON, J. The defendant wrote the plaintiffs a letter which is claimed to be a guaranty for goods sold by plaintiffs to one Singer, and Singer & Romanoff. Singer & Romanoff were about to, and did subsequently, form a co-partnership. Singer presented the letter and gave the order for the first bill of goods. Subsequently other orders were given. Partial payments were made, exceeding the first purchase. The language of the letter relied on is:

"He [Singer] wishes to purchase a full line of groceries, and I recommend him to you. They [Singer & Romanoff] are perfectly reliable, and will pay as soon ʀs bills mature. Any favors conferred upon Mr. D. H. Singer will be appreciated by me."

This does not amount to a guaranty. A guaranty is to be construed in conformity with the rules governing the construction of contracts generally, and must accord with the apparent intention of the parties; and when the meaning of the language used is plain,

or is ascertained, the guarantor is entitled to the application of the strict rule governing the contracts of sureties, and cannot be held beyond the plain terms of the contract. Bank v. Kaufmann, 93 N. Y. 273. In the case of Russell v. Clark, 7 Cranch, 69, 3 L. Ed. 271, the correspondence was somewhat similar to that in the present case. The letters in that case which were claimed to constitute a guaranty stated:

"We do ourselves the pleasure of introducing Murray & Co. to your correspondence as a house on whose integrity and punctuality the utmost dependence may be placed. They will write you the nature of their intentions, and you may be assured of their complying fully with any contract or engagements they may enter into with you." And in another letter: "We have now to request that you will render them every assistance in your power."

The supreme court concluded that, although the language was strong, yet it could not fairly be construed as an engagement on the part of the defendant to become answerable for such debts as might be contracted. It certainly cannot be said that the language in the present case is stronger than it was in that. But, even if the letter was a guaranty, it was not a continuing one, and should apply only to the first bill purchased. Rogers v. Warren, 8 Johns. 119; Schwartz v. Hyman, 107 N. Y. 562, 14 N. E. 447. Payments were made more than enough to cover the first order for goods, and the guarantor is entitled to have such payment apply on such first order. Whitney v. Groot, 24 Wend. 82. It makes no difference that the plaintiffs relied upon the letter as a guaranty, if it was not such in fact. The complaint must be dismissed, with costs.

Complaint dismissed, with costs.