### Lena Mackay Jack v. Thomas Rowland.

1.  EVIDENCE—*Production of Written Instruments—Parol Proof.*— In an action upon a written instrument, the instrument itself is the best evidence of its provisions, and parol proof of its contents can not be heard unless there is preliminary proof of its loss or destruction, or, if it is in the possession of the opposite party, reasonable notice has been given to produce it.

2.  NOTICE—*To Produce Written Instruments—Parol Proof, When Inadmissible.*—In the trial of a suit, the plaintiff's proofs showed that there was a written contract between the parties covering the subject-matter of the suit and that it was in the possession of the defendant; the plaintiff then gave the defendant's counsel notice to produce it. To this the counsel replied that he had never heard of the written contract and had no knowledge whether or not there was one; that his client was out of the State and if there was such a contract he did not have it, and was unable to produce it.   The plaintiff then proved that a scrivener drew one copy of a contract, which the parties executed and left it with him that he might draw a duplicate; that he afterward did so and gave both copies to the defendant; that some ten months before the suit was begun the defendant had been asked for one copy of the contract both by the scrivener and by the plaintiff. and had refused to deliver it.   Whereupon the court, over the objections of the defendant, admitted parol proof of the provisions of the contract.   *Held*, that the court erred in admitting such proof.

3.  SAME—*To Produce Written Instruments. Given at the Bar.*—A notice given at the bar during the progress of a trial, to produce an

instrument, is not sufficient, unless it appears satisfactorily that such instrument is in court at the time and is in the possession of the party upon whom the demand is made, or if elsewhere, that it is of easy access.

4. SAME—*Not Sufficient When Given at the Circuit.*—At the Circuit Court, when in session, a party litigant has no right to call upon his opponent to produce documents, the production of which will require him to travel a distance to procure them, for it is unreasonable to impose upon such party the trouble and expense of sending for documents, which, had his adversary exercised ordinary diligence, might have been avoided.

Assumpsit, on appeal from a justice of the peace. Appeal from the Circuit Court of Carroll County; the Hon. JAMES SHAW, Judge, presiding. Heard in this court at the October term, 1901. Reversed and remanded. Opinion filed November 15, 1901.

B. F. LICHTENBERGER, attorney for appellant.

RENNER & SMITH, attorneys for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

In this suit Thomas Rowland recovered against Lena Mackay Jack a verdict and a judgment for $104.83 on a trial in the Circuit Court, on appeal from a justice. On the trial plaintiff's proofs showed there was a written contract between the parties covering the subject-matter of the suit, and that it was in the possession of defendant. Plaintiff then gave defendant's counsel notice to produce the contract. To this defendant's counsel replied that he had never heard of the written contract, and had no knowledge whether there was one or not; that his client was out of the State, unless she was in the State attending her sister's funeral, and if there was such written contract he did not have it, and was unable to produce it. Plaintiff then proved that a scrivener drew one copy of a contract, which the parties executed and left with him that he might draw a duplicate; that he afterward did so, and gave both copies to defendant; that some ten months before this suit was begun defendant had been asked for one copy of the contract, both by the scrivener and by plaintiff, and had refused to deliver it. Thereupon the court, over objec-

tions by defendant, permitted parol proof of the provisions of the contract.

Defendant did not appear in person or by counsel at the · trial before the justice. There was nothing in the transcript of the justice to show the suit was based upon a written contract. There is a bill of particulars in the record, but it does not indicate that recovery was sought upon a written contract, but the natural inference therefrom is to the contrary. The writing itself is the best evidence of its provisions, and parol proof of its contents can not be heard unless there is preliminary proof of its loss or destruction, or if it is in the possession of the opposite party, reasonable notice has been given to produce it. (Trustees v. Shaffer, 63 Ill. 243.) Where the paper was in New York, notice to the attorney a day or two before the trial, was held insufficient to authorize parol proof of its contents, in Bushnell v. Bishop Hill Colony, 28 Ill. 204. In Atwell v. Miller, 6 Md. 10, 61 Am. Dec. 294, it is said:

"Notice given at the bar during the progress of the trial, to produce a paper, is not sufficient, unless it appears satisfactorily that the paper is in the court at the time, and in possession of the party upon whom the demand is made, or if elsewhere, that it would be of easy access."

In Gorham v. Gale, 7 Cow. 739, 17 Am. Dec. 549, notice was given after the term began, but before the trial, to produce an execution which was twenty miles distant. The court said:

"I do not think that at the circuit one party had a right to call on the other to produce documents, the production of which will require him to travel a distance to produce them; and when, for aught that appears, during the interval the cause may be ordered for trial. Besides, it is unreasonable to impose on the defendant the trouble and expense of sending for a paper which, had the other party exercised ordinary diligence, might have been avoided. If the execution was really a necessary part of the plaintiff's proofs, he was guilty of laches in not having given the notice somewhat earlier. No cause is assigned for the omission, and under the circumstances the parol evidence should have been excluded."

The foregoing cases state the rule usually prevailing. One exception is that where the pleading has alleged the opposite party has possession of the document sued upon, no further notice to produce it is necessary. (1 Rice on Evidence, 160.) Here, as already shown, the record conveyed no such notice to defendant. It is, however, argued that the general rule above stated does not apply where the party notified to produce the paper, has wrongfully obtained possession of the paper and wrongfully retained it. But defendant had no notice that any such question was to be litigated at this trial. It may be, if defendant had been duly notified, she could have shown she did not wrongfully receive or retain the paper. The previous effort to procure it from her had no reference to this law suit, for that was some ten months before this suit was begun, and before most of the services were rendered upon which the suit was based. No reason appears why plaintiff could not have given defendant's attorney such reasonable notice to produce the paper at the trial as would have enabled him to produce it or to deny its existence or validity. We are of opinion the court erred in admitting parol proof of the written contract. It is due to the trial judge to state that he at first held the proof incompetent and repeatedly announced the correct rule, and only yielded to the importunities of plaintiff's counsel.

Moreover the verdict exceeds the amount claimed in the bill of particulars, and exceeds the sum warranted by the proofs.

The judgment is reversed and the cause remanded.