RUNDLE *v.* SCULLY.

1. CONTRACTS—CONSTRUCTION—INTENTION OF PARTIES.
   A contract must be so construed as to give effect to the intention of the parties, which must be ascertained from the language of the instrument and the facts and circumstances attending its execution.

2. GUARANTY—CONSTRUCTION—CONTINUING GUARANTY.
   An instrument by which a married woman becomes security to the amount of $1,000 for coal to be sold her husband, who is in the coal business, and by which she guarantees payment on a certain date, is a continuing guaranty for the amount stated during the whole period, and is not discharged by the payment, by the husband, of the stipulated amount once during the period.

Appeal from Wayne; Hosmer, J.    Submitted February 9, 1906.    (Docket No. 123.)    Decided May 8, 1906.

Bill by Nancy E. Rundle against Walter J. Scully to set aside a mortgage foreclosure.    Defendant filed an answer in the nature of a cross-bill asking for an accounting.    From a decree for defendant, complainant appeals.    Affirmed.

*Sheridan J. Colby,* for complainant.

*James McNamara* and *Frank C. Cook,* for defendant.

OSTRANDER, J.    The bill in this case was filed to set aside a foreclosure sale, and the sheriff's deed given pursuant thereto, of certain mortgaged premises.    The answer of defendant sets out certain facts which it is claimed entitle him to affirmative relief.    Defendant and Samuel C. Rundle, who was husband of complainant, made, September 13, 1898, an agreement, in writing, to the effect:

" That the said party of the first part agrees to sell to said second party at his place of business, number 985 Fourth avenue, coal and wood in an amount not to exceed the sum

of one thousand ($1,000) dollars. Said purchases herein provided for are to be made from time to time as said second party may require, but at no time shall the amount of said purchases exceed the sum of one thousand ($1000.00) dollars.

"Said second party hereby agrees to pay to said first party for all coal and wood purchased by said. second party, under the terms of this agreement, on or before the 1st day of June, 1899.

"It is further understood and agreed, by and between the parties hereto, that the payment of all purchases of coal and wood herein provided for shall be secured by a mortgage bearing even date herewith, executed by Nancy E. Rundle to Walter J. Scully, and to be due and payable on June 1, 1899."

On the same day complainant executed and delivered to defendant a mortgage, containing the condition:

"To secure the repayment of the sum of one thousand dollars ($1,000.00), with interest at the rate of 7 per cent. per annum, payable after the maturity of the debt secured by this mortgage according to the conditions of a certain agreement in writing, bearing even date herewith, executed by Samuel C. Rundle to said party of the second part, to which these presents are collateral," etc.

The principal contention arises upon the claim of defendant that the mortgage, read in connection with the agreement, was a continuing security and evidenced a continuing suretyship for $1,000. Counsel for both parties present arguments upon the theory that the agreement is ambiguous, and counsel for defendant rely especially upon what is claimed to be the practical construction adopted by the parties. It appears that Mrs. Rundle kept the books for her husband until November of the same year, and was at all times acquainted with the condition of his business. She knew the application which defendant was making of moneys paid to him. On October 20, 1899, she took a bill of sale of all her husband's stock in trade and thereafter continued the business. She testified that this came about because her husband was refused credit for a car load of coal by defendant, who said to her that, if she would take over and operate the business, he would

extend credit to her. Thereafter all purchases of coal were made in her name and upon her account, and, agreeably with defendant's suggestion, she kept her books to show in a separate account the purchases made by herself. From September 13, 1898, to October 25, 1898, defendant sold Rundle coal to the amount of $1,057.39, and the last coal sold him was April 29, 1899. Sales to March 1, 1899, amounted to more than $6,000 and payments to more than $4,000, and on June 1, 1899, there was due on account, including certain six cars of coal, $1,898.06, and excluding six cars, $1,363.58. After June 1, 1899, and to October 23, 1899, there was paid on this $514.40; this, according to books kept by complainant, or by a clerk whose work she had opportunity to and did inspect. *Gard* v. *Stevens*, 12 Mich. 292, and *Fogel* v. *Blitz*, 128 Mich. 503, are not decisive, in complainant's favor, of the question here. A contract must be so construed as to give effect to the intention of the parties, which must be ascertained from the language of the instrument and the facts and circumstances attending its execution. *Mathews* v. *Phelps*, 61 Mich. 327; *Switzer* v. *Manufacturing Co.*, 59 Mich. 488.

We think it clear that the undertaking of complainant was not, as she claims, that she should become surety for the first $1,000 sold her husband (and should be given credit for the first moneys paid to defendant by her husband, on account), but was an undertaking to secure $1,000 of credit to be extended from the date of the agreement to June 1, 1899. If, upon the face of the papers, the real undertaking is at all doubtful, the situation and conduct of the business, the thing sought to be accomplished, and the conduct of complainant, supply whatever is necessary to support such a conclusion. As to the six cars of coal about which some question is made, the evidence sustains the finding that they were sold, regularly, to Mr. Rundle.

The decree is affirmed, with costs.

GRANT, BLAIR, MONTGOMERY, and HOOKER, JJ., concurred.