N. GOLDRING, *Plaintiff in Error*, v. J. B. THOMPSON, *Defendant in Error*.

1. A mere request by one to give credit to another does not create a legal liability to pay the debt. There must be a guarantee of the debt or a misrepresentation of the responsibility of the person to whom the credit is given, in order to create a liability by a third person.

2. A note addressed to a person directing him to "ship to Mr. B. L. Hall 19 casks Export beer @ $7.25" etc. "on the next trip of the Tarpon. Your money is good. I will be in your city in a few days," on its face binds the writer, as an original undertaking to pay for the goods shipped upon faith of such order.

3. N. Goldring was unwilling to sell certain goods to Hall upon his own responsibility, and Thompson, in behalf of Hall, addressed to Goldring a note directing him to ship Hall the goods "on the next trip of the Tarpon. Your money is good. I will be in your city in a few days." As thus understood, the writing imports a guaranty of the debt of Hall.

This case was decided by the court En Banc.

Writ of Error to the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the court.

*Avery & Avery,* for Plaintiff in Error.

*J. W. Kehoe,* for Defendant in Error.

PARKHILL, J.—The plaintiff in error, suing the defendant in error in the circuit court for Escambia county on March 24, 1909, filed an amended declaration as follows:

"The plaintiff sues the defendant for that, to-wit: on the 2nd day of August, A. D., 1907, one B. L. Hall, being desirous of buying from the plaintiff certain goods, wares and merchandise of the value of one hundred and forty ($140.00) dollars; and the said plaintiff being unwilling to sell the same to the said Hall upon his own responsibility, the said defendant did address to the plaintiff a writing in words and figures following:

"Apalachicola, Fla., Aug. 2, 1907.

Mr. N. Goldring,

  Pensacola, Fla.

Dear Sir:

 Please ship to Mr. B. L. Hall,

  19 Casks Export Beer @ 7.25........Del.
  1  "  Lackman  " 8.50........ "
  1  "  A. B. C. .....................,

Ship this on the next trip of the Tarpon. Your money is good. I will be in your city in a few days.

      Yours Respt.,

       J. B. Thompson."

Whereupon and on account thereof, and in compliance with the request so made, the plaintiff did deliver the said goods, wares and merchandise to the said B. L. Hall, and that neither the said B. L. Hall nor the said defendant has ever paid therefor though often requested so to do. To the damage of the plaintiff of two hundred dollars, and therefore he sues."

The defendant demurred thereto on the following grounds:

1. That said additional count of plaintiff's declaration sets up no cause of action against this defendant.

2. That the alleged writing which plaintiff by said additional count alleges the defendant sent to the plain-

tiff is not such a writing as would obligate this defendant to pay for the merchandise if any sold and delivered to the said B. L. Hall. That by the said alleged writing the defendant did not obligate to pay or guarantee the payment of the merchandise if any sold and delivered to the said B. L. Hall.

This demurrer was sustained on the 21st day of April, 1907, with leave to plead over. Thereupon on the 22nd day of April, 1909, the plaintiff filed an amended declaration, as follows: .

"The plaintiff sues the defendant for that, to-wit: on the 2nd day of August, A. D., 1907, the said defendant did address and deliver to the plaintiff a writing in words and figures following:

'Apalachicola, Fla., Aug. 2, 1907.

Mr. N. Goldring, Pensacola, Fla.,

Dear Sir:

Please ship to Mr. B. L. Hall,

19 casks Export Beer at $7.25........Del.
1   "   Lackman Beer "   8.50........   "
1   "   A. B. C.   "   "

Ship this on the next trip of the Tarpon. Your money is good. I will be in your city in a few days.

Yours respt.

(Sgd)   J. B. Thompson.'

Whereupon, and on account whereof, and in compliance with the request so made, the plaintiff did ship to the said B. L. Hall, on the next trip of The Tarpon nineteen (19) casks of Export Beer at $7.25, one (1) cask of Lackman Beer at $8.50, and one (1) cask of A. B. C. Beer at $8.50, delivered, the price as fixed by the said order, being in the aggregate sum of One Hundred and fifty-four and 75--100 dollars; but the said defendant did not pay the

same nor any part thereof though often requested so to do. To the plaintiff's damage of Two Hundred (200.00) dollars."

The defendant demurred thereto on the following stated grounds:

"First. That the said additional count as amended sets up no cause of action in favor of the plaintiff against the defendant.

Second. That the paper set up in said amended count, purporting to be a letter signed by J. B. Thompson and addressed to N. Goldring is not such a writing as would or does bind the said J. B. Thompson for the payment of the merchandise referred to in said letter.

Third. That the said writing purporting to be a letter signed by J. B. Thompson, written to N. Goldring, shows upon its face that it was written for and at the instance of B. L. Hall and that the articles ordered in same were for the separate and exclusive use of B. L. Hall, and that the said instrument does not in terms or by implication bind or obligate the said J. B. Thompson for the payment of the said merchandise referred to in said writing.

Fourth. That the said additional count as amended shows that the merchandise therein referred to was delivered to B. L. Hall and that there is nothing in the amended count which shows or tends to show that the said J. B. Thompson bound or obligated himself in writing to pay for the same, and that said additional count as amended fails to show any duty or obligation resting upon the defendant to pay for said merchandise."

This demurrer was sustained on the 15th day of May, 1909, and the plaintiff discontinued as to his original declaration, and not desiring to amend further, final judgment was entered in favor of the defendant.

On writ of error it is contended that the court erred in sustaining defendant's demurrer to the amended

declaration filed on the 24th of March, and the 22nd of April, 1909, and in rendering final judgment in favor of the defendant.

A mere request by one to give credit to another does not create a legal liability to pay the debt. There must be a guarantee of the debt or a misrepresentation of the responsibility of the person to whom the credit is given, in order to create a liability by a third person. Bushnell v. Bishop Hill Colony, 28 Ill. 204.

We do not think the letter set up in the declaration could be said to be a mere request by the defendant to give credit to Hall. The request is to ship the goods of the value specified to Hall on the next trip of the Tarpon, upon the assurance. "your money is good." Suppose the defendant had written to the plaintiff: "Please ship me 19 Casks Export beer at $7.25 on the next trip of the Tarpon. Your money is good. I will be in your city in a few days." Would not such an order or request bind the writer to pay for the goods actually shipped upon the faith thereof? We think so. Then, if, instead of so ordering the goods to be shipped to the writer of the letter, he ordered them to be shipped to Hall, he would be none the less liable to pay for the goods so shipped upon faith of such order. Suppose Thompson desired to make Hall a present of a bottle of whiskey during the holiday season, and would write to Goldring to send Hall the whiskey, "your money is good," clearly this would be an original undertaking on Thompson's part to pay for same.

In Thompson's letter to Goldring he says, "your money is good." What money is good? Why, the $7.25 for Export beer, and the $8.50 for the Lachman beer. We take it that the letter on its face, without any other light, is a direct and unconditional order and promise by Thompson to pay for goods furnished Hall, made prior to the delivery of the goods, and therefore an original undertaking.

Upon receipt of such a letter, Goldring would have been justified in shipping the goods to Hall and charging them to Thompson.

In Buckingham v. Murray's Ex'r, 7 Houst. (Del.) 176, 30 Atl. Rep. 779, the court held that a note written by Elizabeth Murray to the plaintiffs, requesting them to let James Murray have what goods he requires, and oblige, is a writing out of which arose a contract, in contemplation of law, on the part of the maker of it, to become liable, as a debtor, for such goods as the plaintiffs might deliver to James Murray upon his requirement.

If, however, Hall applied to Goldring to buy the goods and Goldring was unwilling to sell the goods to Hall upon his own responsibility, Thompson, in behalf of Hall, wrote the letter in question, the letter written in behalf of Hall, if acted upon by Goldring, would be a guaranty of the debt of Hall. It is not a representation as to the solvency or pecuniary circumstances of the party about to ask credit from the plaintiff, as was the case in Einstein v. Marshall, 58 Ala. 153, 29 Am. Rep. 729, but a positive request or direction that the goods be shipped and an unqualified assurance that "your money is good." The writer of the letter does not say Hall is good for the debt, as in Kimball v. Roye, 9 Rich. Law (S. C.) 295; Einstein v. Marshall, 58 Ala. 153, 29 Am. Rep. 729; Switzer v. Baker, 95 Cal. 539, 30 Pac. Rep. 761; Eaton v. Mayo, 118 Mass. 141, but "your money is good." The money referred to was the price of the beer, and that money—the plaintiff's money due for the beer—could only be made good to the plaintiff by punctual payment, according to the terms of the sale. As thus understood, the writing imports a guaranty. Birdsall v. Heacock, 32 Ohio St. 177, S. C. 30 Am. Rep. 572.

The judgment is reversed with directions to overrule the demurrers.

All concur, except HOCKER, J., absent.