ZIEGAN *v.* STRICKER.

PRINCIPAL AND AGENT—AUTHORITY TO RECEIVE PAYMENT OF MORT-
GAGE.

A finding that a given person was authorized to receive the
principal of a mortgage in the possession of the mortgagee is
sustained by evidence that the latter placed moneys in the
hands of such person from time to time, to loan when oppor-
tunity offered, and that he collected the interest and princi-
pal of loans so made, obtaining discharges of the mortgages
as they were paid, crediting the amount to the mortgagee,
and reinvesting the same for him.

Appeal from Wayne; Frazer, J. Submitted June 5,
1896. Decided July 21, 1896.

Bill by Oscar M. Ziegan and wife against Christian F.
Stricker to compel the discharge of a mortgage. From a
decree for complainants, defendant appeals. Affirmed.

*Maybury & Lucking* and *William E. Thompson*, for
complainants.

*Edward A. Stricker* (*Walter Barlow*, of counsel), for
defendant.

LONG, C. J. This bill was filed to compel the discharge
of a mortgage made by the complainants to the defend-
ant on July 3, 1891, for the sum of $200, with interest
payable semi-annually, the complainants asserting that
they had paid the money into the hands of one Julius
Stoll, who was the agent, as claimed by them, of the de-
fendant, and authorized by him to receive the money on
the mortgage. The defendant filed a cross-bill, asking
the foreclosure of the mortgage.

It appears that, for some years, Julius Stoll had re-
ceived from the defendant various sums of money for

investment on real-estate mortgages; that he had from time to time made such investments, collecting the principal and interest thereon. In receiving money from the defendant, Stoll credited the same in a general account which he kept with defendant. In this particular transaction he had on hand moneys which defendant had turned over to him. The complainants, who resided at Cleveland, Ohio, made application for a loan to Stoll, who prepared the papers, and forwarded them to complainants, at Cleveland, for execution. They executed the papers there, and returned them to Stoll, who forwarded the money to them, and placed the mortgage on record, and then sent it with the accompanying note to defendant, at Brighton. Complainants paid the interest on the mortgage at all times when it became due, and on January 3, 1895, they forwarded to Stoll the full amount of principal and interest to that date. Stoll died January 14, 1895. No discharge of the mortgage was executed, when, on July 1, 1895, the complainants called upon the defendant, and presented a certificate of discharge of the mortgage to him for signature, which he refused to execute. Complainants' claim is that Stoll was the general agent of the defendant in loaning the money upon the mortgage and receiving interest and principal thereon, and that payment to Stoll under the circumstances as shown by this record was payment to the defendant.

It appears that defendant, in other transactions, had intrusted the loaning of money on mortgages to Stoll, and the collection of interest and principal by him. The manner in which the business was done was the placing of moneys in Stoll's hands in small sums from time to time; Stoll making the loans when opportunity offered, and thereafter collecting the interest and principal, obtaining discharges from the defendant from time to time as the mortgages were paid, crediting the moneys to the defendant upon his books of account, and reinvesting them for the defendant. The defendant, in his testimony, says substantially that generally he did not

authorize Stoll to collect the principal of mortgages without sending for the discharges first; but it is apparent from his own testimony that he did not wait to get the money into his own hands before executing the discharges, but left the matter of collection to Stoll; that, when Stoll wrote for discharges of mortgages, they were forwarded to him, the moneys thereafter collected, and credited to defendant's account. ' In the present case, the moneys were sent to Stoll by the complainants, and entered on the account of the defendant upon Stoll's books, as follows: "January 3. Christian F. Stricker, by cash, óf Oscar M. Ziegan, in satisfaction of mortgage, $207.50, discharge."

The court below, upon the facts shown, entered a decree in favor of the complainants, compelling the discharge of the mortgage, finding, upon the testimony, that Stoll was the general agent of the defendant to receive the money in discharge of the mortgage. We think in that the court was correct. The case falls within the rule of *Wilson* v. *La Tour*, 108 Mich. 547.

The decree of the court below will be affirmed.

The other Justices concurred.