JERRY McCARTHY FOUNDATION *v.* WINSHALL.

1. GUARANTY—CONSTRUCTION OF CONTRACTS—INTENT.
   The intent of the parties to a contract of guaranty is controlling of the construction of such contract.

2. SAME—REPAYMENT OF FUNDS—SUBSEQUENT DISBURSEMENT.
   Guarantor of note of corporation whose agent directed disbursements to be made by escrow agent was not relieved of liability under his broad, sweeping contract of guaranty by reason of repayment of funds to the escrow agent, where such funds were subsequently disbursed by the escrow agent pursuant to the directions of the principal obligor's agent-attorney whose authority was not questioned by defendant guarantor.

Appeal from Wayne; Moynihan, Jr. (Joseph A.), J. Submitted January 9, 1964. (Calendar No. 12, Docket No. 49,535.) Decided March 5, 1964.

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur, Guaranty §§ 12, 56.
[2] 24 Am Jur, Guaranty § 71.

Action by Jerry McCarthy Foundation, a Michigan nonprofit corporation, against Jack I. Winshall, guarantor on a promissory note. Judgment for plaintiff. Defendant appeals. Affirmed.

*Arthur Bonk* (*Robert A. Link*, of counsel), for plaintiff.

*Daniel S. Cooper*, for defendant.

ADAMS, J. On November 15, 1956, plaintiff loaned the North American Development Company $200,-000 upon a promissory note executed for that company by its president, Jack I. Winshall. On the same date Winshall executed a guaranty to the plaintiff, paragraph 1 of which reads as follows:

"1. In consideration of the loan made upon such note, the undersigned hereby *unconditionally guarantees* to the Jerry McCarthy Foundation, its successors and assigns, and to every subsequent holder of such note, *irrespective of the* genuineness, validity, regularity, or *enforceability* thereof, or of the obligation evidenced thereby, or of any collateral therefor, or of the existence, extent, or value of any such collateral, and *irrespective of any other circumstance,* that all sums stated therein to be payable on such note shall be promptly paid in full, in accordance with the provisions thereof, at maturity, by acceleration or otherwise, and, in case of any extension of time of payment or renewal in whole or in part, all sums shall be promptly paid when due according to such extension or extensions, renewal or renewals, at maturity, by acceleration or otherwise." (Emphasis added.)

An escrow agreement was also executed by North American Development Company, Winshall, and plaintiff providing for the deposit of the borrowed moneys with the Abstract & Title Guaranty Com-

pany of Detroit for the disbursement of the same "for construction purposes only on homes." The escrow agreement provides in part:

"Because of the substantial interest of Jack I. Winshall in the North American Development Company, and in further consideration of the Jerry McCarthy Foundation granting this loan, the said Jack I. Winshall, agrees to act as a guarantor for each and every transaction hereinabove set forth."

The funds were deposited with the escrow agent to the account of North American Development Company. They were disbursed by the escrow agent pursuant to instructions given by an agent of North American who was also an attorney. The money was repaid to the escrow agent and subsequently further distributions were made to third parties upon the instructions of such attorney.

The extent of the authority of the lawyer (and of defendant Winshall's knowledge of his authority and activities) is best shown by this excerpt from the testimony of Winshall:

"Q. You were the president of North American Development Company?
"A. Yes.
"Q. So Mr. Babcock was an employee of North American Development Company?
"A. Yes.
"Q. And you were aware of it, were you not?
"A. Yes.
"Q. Did you work closely with Mr. Babcock during the period of development of the property in Flint?
"A. Yes.
"Q. Mr. Babcock was also an attorney, is he not?
"A. Yes. * * *
"Q. Did he also perform functions for North American Development Company in his capacity as a lawyer?
"A. Yes. * * *

"*Q.* Well, specifically my question was: Was the function of Mr. Babcock to, on behalf of North American Development Company, deal with Abstract & Title Guaranty Company in connection with administering the funds that were borrowed from the Jerry McCarthy Foundation by your company?

"*A.* Yes.

"*Q.* So he was acting on behalf of North American Development Company?

"*A.* Yes, that is correct.

"*Q.* So you were in agreement that Mr. Babcock, acting on behalf of North American Development Company, gave instructions or directions to Mr. Dowd to disburse funds to specific designations; is that right?

"*A.* Yes."

Appellant contends that his guaranty ceased upon repayment to the escrow agent, that he is relieved of his guaranty because the funds were subsequently disbursed to other parties, that there was a failure of consideration because the money was not paid to the designated promisee, North American Development Company, but to other parties, and, finally, that there was a condition precedent to his liability because there was no benefit to North American or the guarantor by the subsequent loan to Lifetime Home Builders.

In the construction of a contract of guaranty the intent of the parties must govern. *Mathews v. Phelps,* 61 Mich 327 (1 Am St Rep 581); *First National Bank of Ypsilanti v. Redford Chevrolet Company,* 270 Mich 116. Defendant signed a broad sweeping guaranty. He personally negotiated the loan and worked closely with the agent and attorney of North American Development Company whose authority to disburse funds he readily admits. The disbursements were all to persons designated by North American Development Company through its

agent-attorney.  *Ziegan* v.  *Stricker,* 110 Mich 282;
*Roger Angstman Co.* v.  *Liggett Spring & Axle Co.,*
267 Mich 620.  It is difficult to imagine a clearer case
of liability.

As was stated by the trial judge in his opinion:

"There seems to be no testimony in the record to
support the defendant's position that a judgment of
no cause of action should be rendered in behalf of the
defendant, and the record amply supports the con-
tention of the plaintiff foundation that it is entitled
to judgment with interest and costs as prayed in its
declaration."

Judgment for plaintiff and appellee is affirmed,
with costs to appellee.

KAVANAGH, C. J., and DETHMERS, KELLY, BLACK,
SMITH, and O'HARA, JJ., concurred.

SOURIS, J., did not sit.